[Cite as *State v. Anderson*, 2013-Ohio-4426.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2013-T-0041** |
| - vs - | : | |
| TIMOTHY R. ANDERSON, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2008 CR 515.

Judgment: Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor, and *LuWayne Annos*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Timothy R. Anderson*, pro se, PID# A563864, Trumbull Correctional Institution, P.O. Box 901, Leavittsburg, OH 44430 (Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Timothy R. Anderson, appeals from the Judgment Entry of the Trumbull County Court of Common Pleas, dismissing his Application on Petition for Post-Conviction Relief. The issue to be determined by this court is whether a postconviction petition may be dismissed when it is untimely and the defendant fails to provide any basis for its lateness. For the following reasons, we affirm the decision of the trial court.

{¶2} On July 16, 2008, the Trumbull County Grand Jury issued an Indictment, charging Anderson with one count of Aggravated Robbery, a felony of the first degree, in violation of R.C. 2911.01(A)(2) and (C), and two counts of Felonious Assault, felonies of the second degree, in violation of R.C. 2903.11(A)(2) and (D). Each count had a firearm specification, pursuant to R.C. 2941.145.

{¶3} The charges were related to a robbery of the Lincoln School in Warren, Ohio, the facts of which are outlined in *State v. Anderson*, 11th Dist. Trumbull No. 2009-T-0041, 2010-Ohio-2291.

{¶4} On October 3, 2008, Anderson entered a written plea of guilty to the charges, which was accepted by the trial court. Anderson subsequently filed two Motions to Withdraw Plea, asserting, inter alia, that he did not understand the consequences of entering a guilty plea. The court granted his request to withdraw his plea on January 26, 2009.

{¶5} Following a jury trial, Anderson was found guilty on all charges. He was sentenced to serve an aggregate prison term of sixteen years and ordered to pay restitution to the Warren City Schools in the amount of $11,180.

{¶6} Anderson appealed his conviction, which this court affirmed, holding that his convictions were not against the weight of the evidence, there were no grounds for a mistrial, he was not denied the right to counsel, and his suppression motion was properly denied by the trial court. *Anderson*, 2010-Ohio-2291.

{¶7} Anderson filed an Application on Petition for Post-Conviction Relief on November 16, 2012, asserting that trial counsel improperly advised him to withdraw his plea and proceed to trial, a decision which ultimately caused him to receive a greater

sentence than he otherwise would have under the plea agreement. Anderson argued that this demonstrates that trial counsel was ineffective and breached his duty owed to Anderson. He admitted that the petition was untimely but stated that it was the result of a "new fact of constitutional law involving the Sixth Amendment protections of efficient performance of counsel" in all criminal proceedings.

{¶8} On January 25, 2013, the State filed a Motion to Dismiss, asserting that the trial court was without jurisdiction to consider the Petition. On March 20, 2013, the trial court issued a Judgment Entry, dismissing Anderson's Petition. The court held that the Petition was untimely and no valid reason was provided for the delayed filing. It held that Anderson failed to present any facts that he was "unavoidably prevented" from discovering or any new right that applied retroactively.

{¶9} Anderson timely appeals and raises the following assignment of error:

{¶10} "The trial [court] abused its discretion, when the post-conviction relief met the untimely and unavoidable delayed prong premised on the relief of the claim rested on contract law standards, that govern plea agreements." [sic]

{¶11} In his sole assignment of error, Anderson argues that the trial court erred in dismissing his postconviction Petition, since there was a "breach of contract" due to his counsel's "ill-advice" and "misadvisement" regarding the withdrawal of his guilty plea and the decision to proceed to trial.

{¶12} The State argues that Anderson failed to provide any argument to contradict the trial court's conclusion that the Petition must be dismissed since it was untimely filed.

{¶13} "[I]n a postconviction case involving a claim of ineffective assistance of

3

trial counsel[,] '[a]bsent a showing of abuse of discretion, a reviewing court will not overrule the trial court's finding on a petition for post-conviction relief which is supported by competent and credible evidence.'" (Citation omitted.) *State v. Knapp*, 11th Dist. Ashtabula No. 2012-A-0035, 2013-Ohio-870, ¶ 30; *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58 ("a trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion").

{¶14} Since a postconviction proceeding is a collateral civil attack on a criminal judgment, "postconviction relief is not a constitutional right, but instead is afforded to a convicted defendant as a statutory remedy," and certain statutory provisions must be met. (Citations omitted.) *State v. Miller*, 11th Dist. Trumbull No. 2012-T-0007, 2012-Ohio-4895, ¶ 9.

{¶15} In the present case, although Anderson argues only the merits of his postconviction claim in his appellate brief, his Petition was dismissed due to its untimeliness. "[T]he requirement that a petition for postconviction relief be timely filed has been considered a 'jurisdictional' prerequisite to a consideration of the merits." *State v. Scott*, 11th Dist. Trumbull No. 2011-T-0027, 2011-Ohio-4887, ¶ 21; *State v. Rice*, 11th Dist. Ashtabula No. 2010-A-0046, 2011-Ohio-3746, ¶ 20 ("unless the petition is filed timely, the court is not permitted to consider the substantive merits of the petition"); *State v. Beaver*, 131 Ohio App.3d 458, 461, 722 N.E.2d 1046 (11th Dist.1998) (holding that the trial court should have summarily dismissed an untimely petition without addressing the merits).

{¶16} A petition for postconviction relief "shall be filed no later than one hundred

4

eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication." R.C. 2953.21(A)(2). A court may entertain an untimely petition only under limited circumstances, including when the petitioner demonstrates that he was either "unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, * * * the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation," and also "shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted." R.C. 2953.23(A)(1)(a) and (b).

**{¶17}** In the present matter, the trial transcript was filed in Anderson's direct appeal on July 17, 2009. Thus, Anderson's petition was due by January 13, 2010. Anderson's November 16, 2013 Application on Petition for Post-Conviction Relief is untimely by over two and a half years. In order for the court to consider the merits of his Petition, Anderson must first show that he met the statutory requirements outlined above.

**{¶18}** In his Petition, Anderson advanced no arguments to support a conclusion that he was unavoidably prevented from discovering the facts necessary to proceeding with his petition. To the contrary, the merits of his Petition relate to issues that occurred during his plea bargaining process, which he was aware of both at the time of the criminal proceedings and during his direct appeal.

**{¶19}** Anderson cited several recently decided United States Supreme Court cases, *Lafler v. Cooper*, ___ U.S. ___, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012), and

5

*Missouri v. Frye*, ___ U.S. ___, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012), in support of his assertion that he received ineffective assistance of counsel during plea negotiations and plea bargaining.[1] He does not explicitly state that these cases provided him with a new right that justifies an untimely petition, although he did note generally, as his only explanation for his untimely petition, that there was a "new fact of constitutional law involving the Sixth Amendment protections of efficient performance of counsel at all critical stages of all judicial proceedings and at pretrial stages." *Lafler* and *Frye* held that the Sixth Amendment right to counsel is violated when a defendant is given constitutionally deficient advice which causes him to reject a plea bargain or is not informed of a plea offer and is subject to a longer sentence because of this advice. *Lafler* at 1385; *Frye* at 1408.

{¶20} These cases do not recognize a "new federal or state right that applies retroactively to persons in the petitioner's situation," such that they would justify the filing of an untimely postconviction petition. Ohio appellate courts, as well as federal courts, have held that *Lafler* and *Frye* do not create a new retroactive right, since the Supreme Court, "was rather explicit that it was not creating a new right, but applying the existing right to effective assistance of counsel and test from *Strickland*." *State v. Hicks*, 8th Dist. Cuyahoga No. 99119, 2013-Ohio-1904, ¶ 13, citing *Hestle v. United States*, E.D.Mich. No. 05-40245, 2013 U.S. Dist. LEXIS 37886, 23 (Mar. 19, 2013); *State v. Isa*, 2nd Dist. Champaign No. 2012-CA-44, 2013-Ohio-3382, ¶ 9 ("neither case establishes a new right or announces a new rule of constitutional law," since they "simply examined

---

1. Anderson also cites *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct.1473, 176 L.Ed.2d 284 (2010). *Padilla* involves a court's failure to advise a defendant of the risk of deportation as a consequence of a criminal conviction, which is not relevant in the present matter.

a defendant's existing right to the effective assistance of counsel in the context of plea bargaining"); *State v. Williams*, 4th Dist. Lawrence No. 12CA22, 2013-Ohio-2989, ¶ 14. It has also been noted that "the majority of the [federal circuit courts] are in accord that *Lafler* and *Frye* do not establish a new right." *Hestle* at 24; *United States v. Garcia-Rodriguez*, 10th Cir. No. 13-8031, 2013 U.S. App. LEXIS 12450, 5 (June 19, 2013).

**{¶21}** We agree with the analysis in these decisions and hold that *Lafler* and *Frye* do not create a new right that applies retroactively and, therefore, provide no basis for an untimely postconviction petition.

**{¶22}** Since Anderson has failed to raise any acceptable grounds under R.C. 2953.23(A) for filing an untimely petition, the trial court properly dismissed his Petition without proceeding to a consideration of the merits.

**{¶23}** The sole assignment of error is without merit.

**{¶24}** For the foregoing reasons, the Judgment Entry of the Trumbull County Court of Common Pleas, dismissing Anderson's Application on Petition for Post-Conviction Relief, is affirmed. Costs to be taxed against appellant.


TIMOTHY P. CANNON, P.J.,

THOMAS R. WRIGHT, J.,

concur.