[Cite as *State v. Hibbard*, 2014-Ohio-442.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


STATE OF OHIO,                               :

    Plaintiff-Appellee,              :            CASE NO.   CA2013-03-051

                          :            O P I N I O N
- vs -                                                           2/10/2014

                           :

ADAM HIBBARD,                                :

    Defendant-Appellant.          :


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2001-04-0533


Michael T. Gmoser, Butler County Prosecuting Attorney, Kimberly L. McManus, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Adam Hibbard, #A417-705, Pickaway Correctional Institution, P.O. Box 309, Orient, Ohio 43146, defendant-appellant, pro se


**RINGLAND, J.**

{¶ 1}   Defendant-appellant Adam Hibbard appeals from the Butler County Court of Common Pleas decision denying his petition for postconviction relief without first holding an evidentiary hearing.

{¶ 2}   On March 14, 2001, Hibbard was arrested by Hamilton police based on a number of outstanding warrants.  Hibbard was held on the charges.  He subsequently asked

to speak with Hamilton Police Detective John Marcum, with whom Hibbard had prior contact. As a result of the meeting, Hibbard was released on bond and volunteered information regarding multiple break-ins that he and Brian Brandenburg had committed. Detective Marcum and Hamilton Police Detective James Cifuentes drove Hibbard through Hamilton while he pointed out homes and garages that he had burglarized, and itemized the things he had stolen.

{¶ 3} The information that Hibbard volunteered coincided with police reports documenting multiple break-ins. In most cases, Hibbard and Brandenburg used bricks or rocks to break windows and enter homes, businesses, and garages. In several instances, the pair entered through unlocked doors. The items Hibbard stole included checks, household electronics, Christmas gifts, tools, golf clubs, and autos.

{¶ 4} As a result, Hibbard was indicted on 41 counts, including numerous charges of burglary, breaking and entering, grand theft, theft, petty theft, and complicity to receiving stolen property. Hibbard moved to suppress the statements he had made to the police detectives, alleging that the detectives had promised to limit the number of charges against him and to assist in diverting the case to drug court, promises which he alleges they later refused to honor. At a hearing on the motion, both detectives testified that it was Hibbard who planned to divert the case to drug court by volunteering information about the break-ins. The detectives testified that they had made no promises to Hibbard in exchange for his statements, except that they would inform the prosecutor of his cooperation.

{¶ 5} The motion to suppress was overruled and the matter proceeded to a bench trial. Hibbard was acquitted on two counts and convicted of one count of grand theft; two counts of complicity to receiving stolen property; seven counts of burglary; eleven counts of theft; seven counts of petty theft; and eleven counts of breaking and entering.

{¶ 6} Hibbard appealed his convictions to this court and argued, among other claims,

that he received ineffective assistance of counsel and that the trial court erred in denying his motion to suppress. This court affirmed his convictions. *State v. Hibbard*, 12th Dist. Butler Nos. CA2001-12-276, CA2001-12-286, 2003-Ohio-707, appeal dismissed, 99 Ohio St. 3d 1534, 2003-Ohio-4677.

{¶ 7} Nine years later, on September 27, 2012, Hibbard filed a delayed petition for postconviction relief and request for an evidentiary hearing with the trial court. Hibbard argued that two recent United States Supreme Court decisions, *Lafler v. Cooper* and *Missouri v. Frye*, created new rules of constitutional law that apply retroactively to his case. *See Lafler v. Cooper*, __ U.S. __, 132 S.Ct. 1376 (2012); *Missouri v. Frye*, __ U.S. __, 132 S.Ct. 1399 (2012). He argued that the Supreme Court held for the first time that erroneous advice from counsel that causes a defendant to reject a favorable plea offer constitutes ineffective assistance of counsel.

{¶ 8} On February 5, 2013, Hibbard filed an amended delayed petition for postconviction relief and request for an evidentiary hearing. He again made the same constitutional arguments, but also argued that he was unavoidably prevented from discovering that his trial counsel was ineffective for erroneously advising him that he would win his case on appeal until after this court affirmed his convictions on appeal. Hibbard attached an affidavit by his former cellmate, Ted Marcum, wherein Marcum averred that Hamilton City Detective John Marcum admitted that he made promises to Hibbard in order to induce him into making incriminating statements. Marcum further averred that Hibbard's counsel told him that Hibbard's appeal "should be reversed."

{¶ 9} The trial court denied Hibbard's delayed petition for postconviction relief as amended without conducting an evidentiary hearing.

{¶ 10} Hibbard now appeals the trial court's decision, raising four assignments of error for our review. For ease of discussion, we will address these assignments of error together.

{¶ 11} Assignment of Error No. 1:

{¶ 12} THE TRIAL COURT COMMITTED PREJUDICIAL ERROR, TO THE PREJUDICE OF [HIBBARD], WHEN THE TRIAL COURT ERRONEOUSLY RULED THAT IT "LACKED AUTHORITY," TO ENTERTAIN [HIBBARD'S] DELAYED/AMENDED PETITION FOR POST-CONVICTION RELIEF, AS A RESULT OF THE TRIAL COURT'S FAILURE TO IDENTIFY THAT [HIBBARD'S] PETITION DID, IN FACT, RAISE A CLAIM THAT HE "WAS UNAVOIDABLY PREVENTED FROM DISCOVERING THE FACTS" UPON WHICH HIS PETITION RELIED, FOR PURPOSES OF BEING ALLOWED TO FILE A DELAYED PETITION FOR POST-CONVICTION RELIEF, AS AUTHORIZED BY OHIO REV. CODE SECTION 2953.21(A)(2); AS WELL AS BY SECTION 2953.23(A)(1)(a) & (b). THUS, [HIBBARD'S] 14TH AMENDMENT RIGHT, TO PROCEDURAL DUE PROCESS, AS GUARANTEED BY THE FEDERAL CONSTITUTION, WAS VIOLATED BY THE TRIAL COURT.

{¶ 13} Assignment of Error No. 2:

{¶ 14} THE TRIAL COURT ERRORED [SIC], WITH PREJUDICE, IN ITS DECISION ENTRY, TO THE PREJUDICE AGAINST [HIBBARD], AND IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO [SIC] UNITED STATES CONSTITUTION, AND IN VIOLATION OF OHIO REV. CODE SEC. 2953.21(A)(2); (C), (E), (F) ANG [SIC] (G) AND 2953.23(A)(1)(a) & (b), AS A RESULT OF THE TRIAL COURT'S FAILURE TO (1) MAKE AND FILE FINDINGS OF FACT AND CONCLUSIONS OF LAW AS TO EACH AND EVERY CLAIM ASSERTED FOR RELIEF, CONTRARY TO OHIO LAW WHICH REQUIRES SUCH FINDINGS TO BE MADE; (2) ON GROUNDS THAT THE TRIAL COURT FAILED TO RECOGNIZE THAT THE DEFENDANT PROPERLY FILED AN "AMENDED PLEADING" AS AUTHORIZED BY OHIO LAW UNDER DIVISION (F); AND ON GROUNDS THAT THE TRIAL COURT VIOLATED OHIO LAW BY NOT REVIEWING THE

FILES, RECORDS, AND TRANSCRIPTS OF THE CASE, PRIOR TO DISMISSING [HIBBARD'S] PETITION FOR POST-CONVICTION RELIEF.

{¶ 15} Assignment of Error No. 3:

{¶ 16} [HIBBARD] IS ENTITLED TO HAVE HIS SENTENCE AND CONVICTION VACATED, BASED ON NEW SUPREME COURT CASE LAW, MADE "RETRO-ACTIVE APPLICABLE" IN COLLATERAL REVIEW POST-CONVICTION PROCEEDINGS; THUS, ENTITLING [HIBBARD] TO POST-CONVICTION RELIEF, PURSUANT TO OHIO REV. CODE SEC. 2953.23(A)(1)(a) & (b) AND BASED ON A VIOLATION OF THE 6TH AND 14TH AMENDMENTS TO THE U.S. CONSTITUTION.

{¶ 17} Assignment of Error No. 4:

{¶ 18} [HIBBARD] IS ENTITLED TO POST-CONVICTION RELIEF UNDER 2953.23(A)(1)(a) & (b), BASED ON VIOLATIONS OF [HIBBARD'S] 6TH AND 14TH AMENDMENT RIGHT TO "EFFECTIVE ASSISTANCE OF COUNSEL," AS A RESULT OF DEFENSE COUNSEL'S ERRONEOUS LEGAL ADVICE, WHICH CREATED A "DELAY" IN FILING THE CONSTITUTIONAL CLAIM.

{¶ 19} Hibbard claims the trial court erred in denying his petition for postconviction relief because he received ineffective assistance of counsel both before and after his trial.

{¶ 20} A postconviction proceeding is not an appeal of a criminal conviction, but rather, is a collateral civil attack on a criminal judgment. *State v. Dillingham*, 12th Dist. Butler Nos. CA2012-02-037 and CA2012-02-042, 2012-Ohio-5841, ¶ 8. "In reviewing an appeal of postconviction relief proceedings, this court applies an abuse of discretion standard." *State v. Vore*, 12th Dist. Warren Nos. CA2012-06-049 and CA2012-10-106, 2013-Ohio-1490, ¶ 10, citing *State v. Wagers*, 12th Dist. Preble No. CA2011-08-007, 2012-Ohio-2258, ¶ 15. For this court to find an abuse of discretion we must find more than an error of judgment; we must find that the trial court's ruling was unreasonable, arbitrary, or unconscionable. *Id.*

- 5 -

Furthermore, a reviewing court will not overrule the trial court's finding on a petition for postconviction relief where the finding is supported by competent and credible evidence.

{¶ 21} R.C. 2953.21 through 2953.23 set forth the means by which a convicted defendant may seek to have the trial court's judgment or sentence vacated or set aside pursuant to a petition for postconviction relief. *State v. Piasecki*, 8th Dist. Cuyahoga No. 98952, 2013-Ohio-1191, ¶ 12. R.C. 2953.21(A)(2) provides that a petition for postconviction relief must be filed no later than 180 days after the date on which the trial transcript is filed with the court of appeals in the direct appeal, or, if a direct appeal was not pursued, 180 days after the expiration of the time in which a direct appeal could have been filed. Here, Hibbard did not file his motion until well beyond the 180-day expiration date. Hibbard's trial transcripts were filed on April 18, 2002. His petition was not filed until September 27, 2012, which is clearly outside the applicable time period.

{¶ 22} However, R.C. 2953.23(A)(1)(a) allows a trial court to entertain an untimely filed petition for postconviction relief if the petitioner demonstrates either: (1) he was unavoidably prevented from discovering the facts necessary for the claim for relief; or (2) the United States Supreme Court has recognized a new federal or state right that applies retroactively to persons in the petitioner's situation and the petitioner asserts a claim based on that right. If the petitioner is able to satisfy one of these threshold conditions, he must then demonstrate that, but for the constitutional error at trial, no reasonable fact finder would have found him guilty of the offenses of which he was convicted. R.C. 2953.23(A)(1)(b); *State v. Chattams*, 12th Dist. Butler No. CA2009-01-011, 2009-Ohio-6172, ¶ 17.

{¶ 23} After a thorough review of the record, we find that Hibbard has failed to provide evidence that he was unavoidably prevented from discovering facts necessary to establish his claim of relief. Hibbard alleges that his counsel was ineffective because he convinced Hibbard not to accept a plea agreement by advising him that the court would grant his motion

to suppress evidence and the charges against him would be "thrown out."  The trial court instead denied the motion to suppress.  Hibbard argues that he could not raise the issue of ineffective assistance of counsel on that basis because trial counsel allegedly advised him that the trial court's decision would be reversed on appeal.  We disagree.

{¶ 24}  All of the facts necessary to assert a claim for ineffective assistance existed at the time of Hibbard's conviction.  Hibbard had already rejected the plea agreement, allegedly based on his counsel's assurances that the motion to suppress would be granted.  Hibbard could not simply wait and see if the appeal would be successful before deciding whether to advance an ineffective assistance claim.  Even if we were to accept Hibbard's claim that his counsel advised him that he would have his conviction reversed on appeal, it does not follow that he was therefore unavoidably prevented from discovering the facts that were necessary to establish an ineffective assistance claim prior to the appeal.  Those facts existed and Hibbard was aware of them at the time of his original appeal.  Relying on his counsel's belief that an appeal would be successful does not somehow render those facts undiscoverable.

{¶ 25} Nevertheless, Hibbard also argues the trial court erred by denying his postconviction relief petition because the United States Supreme Court had recently recognized a "new right" that applied retroactively to him in *Lafler v. Cooper*, __ U.S. __, 132 S.Ct. 1376 (2012) and *Missouri v. Frye*, __ U.S. __, 132 S.Ct. 1399 (2012).

{¶ 26}  However, contrary to Hibbard's claim, many Ohio appellate courts, as well as a number of federal courts, have already determined that *Lafler* and *Frye* did not create a new retroactive right.  *State v. Anderson*, 11th Dist. Trumbull No. 2013-T-0041, 2013-Ohio-4426, ¶ 20.  In fact, as noted by the Eleventh District Court of Appeals, the United States Supreme Court "was rather explicit that it was not creating a new right, but applying the existing right to effective assistance of counsel and test from *Strickland*."  *Id*., quoting *State v. Hicks*, 8th Dist. Cuyahoga No. 99119, 2013-Ohio-1904, ¶ 13.

{¶ 27} Accordingly, we find that the trial court did not err in determining that it lacked jurisdiction to entertain Hibbard's untimely petition. In turn, the trial court was not required to make findings of fact and conclusions of law. *E.g.*, *State v. McMullen*, 12th Dist. Butler No. CA2006-04-086, 2007-Ohio-125, ¶ 21.

{¶ 28} Similarly, the court was not required to hold an evidentiary hearing on the self-serving affidavits attached to the petition where it found that it lacked jurisdiction. *State v. Davis*, 12th Dist. Butler No. CA2012-12-258, 2013-Ohio-3878, ¶ 27. Nor was the court required to hold an evidentiary hearing based on the affidavit of Ted Marcum. Marcum averred that Detective John Marcum informed him that he had made false promises to Hibbard in order to obtain statements from Hibbard. This court cannot determine how that information pertains to Hibbard's claim of ineffective assistance of counsel that is the basis of his petition for postconviction relief. Marcum also averred that Hibbard's counsel told him that Hibbard's case "should be reversed." Here again we fail to see how the belief of Hibbard's counsel that an appeal should be successful gives support to a claim of ineffective assistance.

{¶ 29} In light of the foregoing, having found that (1) Hibbard's petition for postconviction relief was untimely, (2) Hibbard's untimely petition for postconviction relief failed to meet the requirements of R.C. 2953.23(A)(1) or (2), (3) the trial court did not err in declining to make findings of fact and conclusions of law, and (4) Hibbard was not entitled to an evidentiary hearing based on a self-serving affidavit and an affidavit that gave no support to his claim of ineffective assistance of counsel, Hibbard's four assignments of error are overruled.

{¶ 30} Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.