[Cite as *State v. Moore*, 2018-Ohio-2800.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

v.

ROBERT F. MOORE, JR.

    Appellant

C.A. No.    17CA011237

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    98CR052062

DECISION AND JOURNAL ENTRY

Dated: July 16, 2018

SCHAFER, Presiding Judge.

{¶1} Defendant-Appellant, Robert Moore, appeals the denial of his motion for postconviction relief in the Lorain County Court of Common Pleas. We affirm.

I.

{¶2} In March of 2000, Moore was convicted of two counts of rape and two counts of sexual battery. Moore filed a timely appeal of his convictions and sentencing and this Court affirmed. *See State v. Moore*, 9th Dist. Lorain No. 00CA007587, 2001 Ohio App. LEXIS 653 (Feb. 7, 2001). In October 2016, Moore filed a petition to vacate or set aside judgment of conviction. The State responded in opposition, arguing, in part, that Moore's petition was untimely. The trial court denied the petition.

{¶3} Moore filed this timely appeal, raising three assignments of error for our review. For ease of analysis, we elect to consider them together.

II.

### Assignment of Error I

**The trial court abuse[d its] discretion taking over four hundred and six (406) days to render an appealable order in violation of Art. I, § 16 and Art. I, § 2 of the Ohio Constitution and the Constitution of the United States Fifth and Fourteenth Amendments.**

### Assignment of Error II

**The trial court abused its discretion denying [Moore]'s motion for [postconviction] relief pursuant to [R.C. 2953.23(a)] by allowing the State's untimely motion for leave to file response instanter to [Moore]'s motion for post-conviction relief.**

### Assignment of Error III

**The trial court erred to the prejudice of [Moore] with subtle erroneous conjecture and misinterpretation of fact and case law resulting in an abuse of discretion in denying [Moore]'s motion for post-conviction relief.**

{¶4} In his assignments of error, Moore contends that the trial court abused its discretion by: (1) taking more than 406 days to render a judgment on his motion for postconviction relief in violation of the Ohio Constitution, the United States Constitution, and "R.C. 2953;" (2) granting the State's motion for leave to file a response to his motion for postconviction relief; and (3) denying his motion for post-conviction relief based on court's misinterpretation of the facts and case law.

{¶5} In Ohio, postconviction relief is governed by statute and the right to file a petition for postconviction relief is a statutory right, not a constitutional one. R.C. 2953.21; *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999). "R.C. 2953.21 grants a petitioner only those rights specifically enumerated in its provisions and no more." *State v. Broom*, 146 Ohio St.3d 60, 2016-Ohio-1028, ¶ 28, citing *Calhoun* at 281. Additionally, "[a] postconviction proceeding is not an appeal of a criminal conviction but, rather, is a collateral civil attack on a criminal judgment." *Id.*

{¶6} R.C. 2953.21(A)(1)(a) provides that any person who has been convicted of a criminal offense may petition the court for postconviction relief pursuant to a claim "that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." The trial court serves a gatekeeping function in postconviction relief cases; "it determines whether the petitioner will even receive a hearing." *State v. Wesson*, 9th Dist. Summit No. 25874, 2012-Ohio-4495, ¶ 9, citing *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 51.

{¶7} In this case, the trial court denied Moore's petition, in part, on the basis that Moore's petition was untimely and that Moore had failed to establish that the United States Supreme Court had established a new right to be applied retroactively to defendants in Moore's situation. *See* R.C. 2953.23. Generally, this Court reviews a trial court's denial of a postconviction relief petition for an abuse of discretion. *State v. Samuels*, 9th Dist. Summit No. 24370, 2009-Ohio-1217, ¶ 3. However, when a trial court denies a petition on the basis of an issue of law, this Court's review is de novo. *Id.* "Whether a defendant's [petition for postconviction relief] satisfied the procedural requirements set forth in R.C. 2953.21 and R.C. 2953.23 is an issue of law." *State v. Nichols*, 9th Dist. Summit No. 26923, 2014-Ohio-102, ¶ 7, citing *Samuels* at ¶ 3-7.

{¶8} When Moore was convicted in this case in March 2000, R.C. 2953.21(A)(2) provided, in part, that a petition for post-conviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * * ." In this case, the trial transcript was filed in in Moore's direct appeal of the judgment of conviction on June 8, 2000. Moore did not file

his petition for post-conviction relief until over sixteen years later on October 4, 2016. Therefore, Moore's petition for post-conviction relief was untimely.

{¶9}   However, a trial court may entertain an untimely petition for post-conviction relief where the petitioner satisfies the factors contained in R.C. 2953.23(A)(1). *See State v. Daniel*, 9th Dist. Summit No. 26670, 2013-Ohio-3510, ¶ 9, citing *State v. Kolvek*, 9th Dist. Summit Nos. 22966, 22967, 2006-Ohio-3113, ¶ 7.  The exception exists where a petition can show that (1) "the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or * * * the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right[;]" and (2) there is clear and convincing evidence that, but for the constitutional error at trial, no reasonable trier of fact would have found the petitioner guilty of the offense.  R.C. 2953.23(A)(1)(a) and (b).

{¶10}   In his petition and on appeal, Moore contends that the United States Supreme Court expanded the constitutional right to counsel to the negotiation and consideration of plea offers that lapse or are rejected in *Missouri v. Frye*, 566 U.S. 134 (2012) and *Lafler v. Cooper*, 566 U.S. 156 (2012).  However, several of our sister districts have already rejected the argument that *Frye* or *Lafler* created a new retroactive right.  *See State v. Hicks*, 8th Dist. Cuyahoga No. 99119, 2013-Ohio-1904, ¶ 13-14 (finding federal court decisions persuasive and agreeing that *Frye* and *Lafler* did not create a new retroactive right);  *State v. Isa*, 2d Dist. Champaign No. 2012-CA-44, 2013-Ohio-3382, ¶ 9 (holding that both cases "simply examined a defendant's existing right to the effective assistance of counsel in the context of plea bargaining" and did not establish a new right or announce a new rule of constitutional law); *State v. Anderson*, 11th Dist. Trumbull No. 2013-T-0041, 2013-Ohio-4426, ¶ 19-20; *State v. Burton*, 4th Dist. Gallia No.

13CA12, 2014-Ohio-2549, ¶ 15; *State v. Tanksley*, 10th Dist. Franklin No. 13AP-769, 2014-Ohio-1194, ¶ 7; *State v. Hibbard*, 12th Dist. No. CA2013-03-051, 2014-Ohio-442, ¶ 26. Moreover, "[i]t has also been noted that 'the majority of the [federal circuit courts] are in accord that *Lafler* and *Frye* do not establish a new right.'" *Anderson* at ¶ 20, quoting *Hestle v. United States*, E.D. Mich. No. 05-40245, 2013 U.S. Dist. LEXIS 37886, 29 (March 19, 2013); *United States v. Garcia-Rodriguez*, 10th Cir. No. 13-8031, 2013 U.S. App. LEXIS 12450, 5 (June 19, 2013).

{¶11} Upon review, we agree that *Frye* and *Lafler* did not create a new retroactive right as Moore contends. "Because [Moore] failed to establish the applicability of an exception that would allow the trial court to consider his untimely petition, the trial court lacked jurisdiction to entertain his petition for postconviction relief." *Tanksley* at ¶ 8. Therefore, although trial court should have dismissed Moore's petition for lack of jurisdiction, the trial court did not err in denying the petition. *See id.*

{¶12} Moore's assignments of error are overruled.

III.

{¶13} Moore's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

—————

There were reasonable grounds for this appeal.

6

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JULIE A. SCHAFER
FOR THE COURT


CARR, J.
TEODOSIO, J.
CONCUR.


APPEARANCES:

ROBERT F. MOORE, JR., pro se, Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Proescuting Attorney, for Appellee.