DECISION AND JUDGMENT ENTRY
{¶ 1} Shawn Burton appeals the Gallia County Common Pleas Court's judgment sentencing him for three counts of rape, in violation of R.C. 2907.02(A)(2), felonies of the first degree. Burton contends that the trial court committed plain error because it failed to merge two of the rape counts as required by R.C. 2941.25 when it sentenced him. Even though we find that the elements of the two rape offenses are identical, we disagree, because we find that Burton committed the two rape crimes separately and had a separate animus for each crime. Consequently, we find that the trial court did not commit any error, let alone plain error. Accordingly, we overrule Burton's sole assignment of error and affirm the judgment of the trial court.
 I. {¶ 2} A grand jury indicted Burton for multiple counts of various criminal offenses. Counts 20, 21, and 22 of the indictment involved the same victim. Each of the three counts alleged a rape offense in violation of R.C. 2907.02(A)(2), felonies of the first degree. The state filed a bill of particulars outlining the conduct involving the offenses. According to the bill of particulars, the rape contained in count 20 involved Burton performing oral sex upon his victim, and the rape in count 21 involved Burton purposely compelling the victim to perform oral sex on him.
 {¶ 3} After all of the other counts of the indictment were resolved, Burton entered into a plea agreement with the state. Burton entered guilty pleas to the rape charges contained in counts 20, 21 and 22. Burton and the state stipulated that there was a factual basis sufficient to establish the charges to which Burton pled guilty. The trial court sentenced Burton for each of the three counts of rape.
 {¶ 4} Burton appeals and assigns the following assignment of error: "The Trial Court erred by failing to merge Counts 20 and 21 pursuant to R.C. 2941.25."
 II. {¶ 5} In his sole assignment of error, Burton contends that the trial court erred because it failed to merge two of the rape counts as required by R.C. 2941.25. He maintains that the trial court improperly subjected him to multiple sentences for the same crime. The state contends that Burton waived any error because he did not object to his multiple sentences at trial. Burton concedes that he did not object to his sentences at trial, but argues that the trial court committed plain error when sentencing him. We disagree.
 {¶ 6} Pursuant to Crim.R. 52(B), we may notice plain errors or defects affecting substantial rights, although they were not brought to the attention of the court. The Ohio Supreme Court has found that "[b]y its very terms, the rule places three limitations on a reviewing court's decision to correct an error despite the absence of a timely objection at trial." State v.Barnes (2002), 94 Ohio St.3d 21, 27, 2002-Ohio-68. First, an error must exist. Id., citing State v. Hill (2001),92 Ohio St.3d 191, 200, citing United States v. Olano (1993),507 U.S. 725, 732 (interpreting Crim.R. 52[B]'s identical federal counterpart, Fed.R.Crim.P. 52[b]). Second, the error must be plain, obvious, or clear. Id. (Citations omitted.) Third, the error must affect "substantial rights," which the court has interpreted to mean "but for the error, the outcome of the trial clearly would have been otherwise." Id. citing Hill at 205;State v. Moreland (1990), 50 Ohio St.3d 58, 62; State v. Long
(1978), 53 Ohio St.2d 91, paragraph two of the syllabus.
 {¶ 7} Even if a reviewing court finds that a forfeited error satisfies all three prongs of the test, it is not required to notice the error, but retains discretion to decide whether it should correct the error. A reviewing court should use its discretion under Crim.R. 52(B) to notice plain error "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Barnes, supra, citing Long at paragraph three of the syllabus, and Olano,507 U.S. at 736 (suggesting that appellate courts correct a plain error "if the error `seriously affect[s] the fairness, integrity or public reputation of judicial proceedings,'" quoting UnitedStates v. Atkinson [1936], 297 U.S. 157, 160).
 {¶ 8} Violation of double jeopardy violates an offender's substantial rights and constitutes plain error. See State v.Collins, Ross App. No. 01CA2950, 2002-Ohio-3212, at ¶ 27; Statev. Fischer (1977), 52 Ohio App.2d 53; 2 Baldwin's Ohio Practice, Criminal Law (2003) Section 80:19.
 {¶ 9} The Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution protect a defendant from being put in jeopardy twice for the same offense. R.C. 2941.25 codifies the constitutional prohibition on double jeopardy. It requires merger of the separate counts of an indictment for purposes of sentencing as follows: "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one. (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 10} Thus, we follow a two-step test to determine whether two crimes with which a defendant is charged are allied offenses of similar import. State v. Jones (1997), 78 Ohio St.3d 12, 13;State v. Blankenship (1988), 38 Ohio St.3d 116, 117. In the first step, we compare the elements of the two crimes to determine whether they correspond to such a degree that the commission of one crime results in the commission of the other. In engaging in this comparison, we examine the statutorily defined elements of the offenses in the abstract, not in context of the particular facts of the case before us. State v. Rance
(1999), 85 Ohio St.3d 632, paragraph one of the syllabus. If the two crimes do so correspond, the crimes are allied offenses of similar import, and we must proceed to the second step. Id.;Blankenship at 117. In the second step, we review the defendant's conduct. If we find that the crimes were committed separately or that there was a separate animus for each crime, then the defendant may be convicted of both offenses. Rance at 639, citing Jones at 14; Blankenship.
 {¶ 11} Here, Burton was charged with rape in violation of R.C. 2907.02(A)(2) in counts 20 and 21 of the indictment. Under step one of the above test, the elements of each crime are identical, and thus, correspond to each other. Consequently, we proceed to the second step and review Burton's conduct.
 {¶ 12} The bill of particulars filed by the state shows that the rape contained in count 20 involved Burton performing oral sex upon his victim while the rape in count 21 involved Burton purposely compelling the same victim to perform oral sex on him. Therefore, we find that the two rape crimes were committed separately and that there was a separate animus for each crime. Consequently, we find that the trial court did not commit any error, let alone plain error, when it imposed separate sentences for the offenses contained in counts 20 and 21 of the indictment.
 {¶ 13} Accordingly, we overrule Burton's sole assignment of error and affirm the judgment of the trial court.
Judgment Affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellant pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court to carry this judgment into execution.
If the trial court or this court has previously granted a stay of execution of sentence and release upon bail, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty-day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec.2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal before expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, P.J. and Abele, J.: Concur in Judgment and Opinion.