[Cite as *State v. Isa*, 2013-Ohio-3382.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No.   2012-CA-44 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 07-CR-207 |
| v. | : | |
| | : | |
| ABRAHAM ISA | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of August, 2013.

. . . . . . . . . . .

KEVIN S. TALEBI, Atty. Reg. #0069198, by JANE A. NAPIER, Atty. Reg. #0061426,
Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
        Attorneys for Plaintiff-Appellee

ABRAHAM ISA, #566-878, Chillicothe Correctional Institution, Post Office Box 5500,
Chillicothe, Ohio 45601
        Defendant-Appellant, *pro se*

. . . . . . . . . . . . .

HALL, J.,

{¶ 1}    Abraham Isa appeals pro se from the trial court's denial of his September 13,

2012 "Motion to Vacate Sentence [as] Contrary to Law."

{¶ 2}     Although Isa styled his motion as one seeking to vacate his sentence, the first page of the motion requested leave to withdraw previously entered guilty pleas. (Doc. #129 at 1). Isa made this request despite the fact that he never entered any guilty pleas. Rather, a jury convicted him on two counts of rape and thirteen counts of gross sexual imposition. The trial court imposed an aggregate prison term of twenty-four and one-half years. This court affirmed on direct appeal. *See State v. Isa*, 2d Dist. Champaign No. 07-CA-37, 2008-Ohio-5906. This court later affirmed the denial of two post-conviction motions to correct Isa's sentence, one alleging the sentence was void due to a post-release control defect and one alleging that it had been computed incorrectly. *See State v. Isa*, 2d Dist. Champaign Nos. 10-CA-1, 10-CA-2, 2010-Ohio-3770.

{¶ 3}     Notwithstanding the caption and first page of Isa's September 13, 2012 motion, his legal argument challenges neither his sentence nor sought to withdraw any guilty pleas. We glean from Isa's motion that it actually asserts ineffective assistance of trial counsel for allegedly advising him to reject a favorable plea bargain and neglecting to tell him, a foreign national, about potential deportation issues. (Doc. #129). The State opposed the motion, characterizing it as an untimely petition for post-conviction relief. (Doc. #131). Isa filed a reply that includes his wife's affidavit. (Doc. #133). She avers that she overheard Isa's trial counsel advise him to reject an offered plea bargain providing for an aggregate three-year prison sentence.[1] (*Id.*).

---

[1] Isa presented no evidence to support his secondary claim about trial counsel's failure to advise him of potential deportation issues. In any event, we fail to see the relevance of that issue given that Isa never entered into a plea bargain and was convicted by a jury. When a defendant enters into a plea bargain, counsel must inform him about possible deportation consequences. Failure to do so raises a potential ineffective assistance of counsel issue. *See, e.g.*, *State v. Tovar*, 10th Dist. Franklin No. 11AP-1106, 2012-Ohio-6156, ¶11, citing *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct.1473, 176 L.Ed.2d 284 (2010). That requirement obviously does not apply where a defendant

**{¶ 4}** The trial court denied Isa relief in a December 4, 2012 entry without addressing the merits of his argument. (Doc. #134). It treated his motion as a petition for post-conviction relief. It found the petition untimely under R.C. 2953.21 and further found that nothing in R.C. 2953.23 extended the filing deadline. (*Id.*).

**{¶ 5}** In his sole assignment of error, Isa contends the trial court "erred in overruling [his] motion for new trial due to ineffective assistance of counsel." As he did below, he argues that trial counsel provided ineffective assistance by advising him to reject a plea bargain and assuring him that he would be acquitted at trial. Isa also makes reference to counsel's obligation to advise a non-citizen defendant of deportation issues as part of the plea-bargain process. Finally, he argues that res judicata does not apply because he presented evidence outside the trial record, namely his wife's affidavit. (Appellant's brief at 4).

**{¶ 6}** Upon review, we find no error in the trial court's denial of relief. Isa's assertion, accompanied by an affidavit outside the record, that trial counsel provided ineffective assistance by advising him to reject a favorable plea bargain is a textbook example of a R.C. 2953.21 post-conviction relief argument. *State v. Hicks*, 8th Dist. Cuyahoga No. 99119, 2013-Ohio-1904, ¶7; *State v. Walker*, 6th Dist. Lucas No. L-99-1383, 2000 WL1878954, at *4-5 (Dec. 29, 2000). It is well established that "'[c]ourts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged.'" *State v. Caldwell*, 2d Dist. Montgomery No. 24333, 2012-Ohio-1091, ¶3, quoting *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶12, citing *State v. Bush*, 96 Ohio St.3d 235,

maintains his innocence and proceeds to trial. Under such circumstances, any deportation consequences arise by the unavoidable operation of law following a conviction.

2002-Ohio-3993, 773 N.E.2d 522, ¶10. "The Ohio Supreme Court has found that a motion meets the definition of a petition for postconviction relief in R.C. 2953.21(A)(1) when the motion '(1) [was] filed subsequent to [a defendant's] direct appeal, (2) claim[s] a denial of constitutional rights, (3) s[eeks] to render the judgment void, and (4) ask[s] for vacation of the judgment and sentence.'" Id., quoting *State v. Reynolds*, 79 Ohio St.3d 158, 160, 679 N.E.2d 1131 (1997). Isa's motion meets this definition and reasonably cannot be considered anything other than a petition for post-conviction relief.[2] Therefore, the trial court did not err in recasting it as such.

{¶ 7}     The Revised Code establishes a time limit for seeking post-conviction relief. In relevant part, R.C. 2953.21(A)(2) provides: "Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction[.]" In Isa's case, the 180-day time period expired long ago. As noted above, this court disposed of his direct appeal in 2008. "Pursuant to R.C. 2953.23(A)(1)(a), a defendant may file an untimely petition for post-conviction relief (1) if he was unavoidably prevented from discovering the facts upon which he relies to present his claim, or (2) if the United States Supreme Court recognizes a new right that applies retroactively to his situation."[3] *State v. Wells*, 2d Dist. Champaign No. 2010 CA 5, 2010-Ohio-3238, ¶10.

{¶ 8}     Here Isa was not unavoidably prevented from discovering his attorney's alleged

---

[2] There are times when it is difficult to determine whether a filing is a petition for post-conviction relief under R.C. 2953.21 or whether it is some other post-judgment motion. *See State v. Stanley*, 2d Dist. Greene No. 2012 CA 17, 2013-Ohio-306, ¶12-18 (Hall, J., dissenting). This is not one of those times.

[3] Even if one of these two conditions is satisfied, a petitioner also must show by clear and convincing evidence that, if not for the constitutional error at issue, no reasonable factfinder would have found him guilty. R.C. 2953.23(A)(1)(b).

advice to reject a favorable plea bargain within the required 180-day time period. Indeed, if trial counsel advised against accepting a plea bargain on the basis that Isa was sure to be acquitted, Isa knew the facts necessary to seek post-conviction relief when the jury returned guilty verdicts.

{¶ 9} Nor are we persuaded that the United States Supreme Court has recognized a new right that applies retroactively to Isa's situation. On appeal, Isa relies heavily on *Lafler v. Cooper*, __ U.S. __, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012), and *Missouri v. Frye*, __ U.S. __, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012), arguing that these twin cases established a "newly created constitutional field of plea-bargaining law." (Appellant's brief at 3). Unfortunately for Isa, neither case establishes a new right or announces a new rule of constitutional law. They simply examined a defendant's existing right to the effective assistance of counsel in the context of plea bargaining. *Hicks*, 2013-Ohio-1904, at ¶13-14; *State v. Bains*, 8th Dist. Cuyahoga No. 98845, 2013-Ohio-2530, ¶20; *see also United States v. Garcia-Rodriguez*, 10th Cir. No. 13-8031, 2013 WL 3032772 (June 19, 2013) ("Although Mr. Garcia-Rodriguez seeks to rely on *Lafler* and [*Frye*] to establish that his claims are not successive, we recently joined six other circuits in holding that these decisions do not establish a new rule of constitutional law."); *United States v. Echerivel*, 500 Fed. Appx. 568 (8th Cir.2013) ("[N]either of the recent Supreme Court cases cited by Ms. Echerivel announced a new rule of constitutional law."); *Gallagher v. United States*, 711 F.3d 315 (2d Cir.2013) ("Neither *Lafler* nor *Frye* announced 'a new rule of constitutional law': Both are applications of *Strickland v. Washington*[.]").

{¶ 10} Based on the foregoing authority, we conclude that Isa's motion, which actually was a post-conviction relief petition, was untimely. A trial court lacks jurisdiction to consider an untimely petition for post-conviction relief where, as here, the untimeliness is not excused by

R.C. 2953.23. *State v. Pianowski*, 2d Dist. Montgomery No. 25369, 2013-Ohio-2764, ¶17, citing *Wells* at ¶10. Isa's argument about the inapplicability of res judicata fails to persuade us otherwise. The trial court properly denied relief because Isa's petition was untimely, not because it believed he could have raised his claim on direct appeal.

{¶ 11} Isa's assignment of error is overruled, and the judgment of the Champaign County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

DONOVAN and FROELICH, JJ., concur.

Copies mailed to:

Kevin S. Talebi
Jane A. Napier
Abraham Isa
Champaign County Common Pleas Court