[Cite as *State v. Reed*, 2013-Ohio-5145.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                             :

      Plaintiff-Appellee,                      :

                                  No. 13AP-450
v.                                                        :    (C.P.C. No. 07CR-10-7261)

John A. Reed,                                             :    (ACCELERATED CALENDAR)

      Defendant-Appellant.                     :

---

D E C I S I O N

Rendered on November 21, 2013

---

*Ron O'Brien*, Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee.

*John A. Reed*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas.

SADLER, J.

{¶ 1} Defendant-appellant, John A. Reed, appeals from a judgment of the Franklin County Court of Common Pleas denying his petition for postconviction relief. For the following reasons, we affirm.

I. BACKGROUND

{¶ 2} After a jury trial in 2008, appellant was found guilty of possession of crack cocaine, in violation of R.C. 2925.11, with a major drug specification for possessing an amount equal to or exceeding 100 grams. Appellant was sentenced to a total prison term of 14 years. On appeal to this court, appellant challenged the weight and sufficiency of the evidence supporting his conviction and argued the trial court improperly limited his cross-examination of a witness. Rejecting appellant's arguments, this court affirmed

appellant's conviction and sentence in *State v. Reed*, 10th Dist. No. 09AP-84, 2009-Ohio-6900.

{¶ 3} In July 2011, appellant filed a motion to vacate sentence, arguing his sentence was void because the statute authorizing an additional prison term for his major-drug-offender specification was severed by the Supreme Court of Ohio in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856. After concluding appellant's arguments were barred by the doctrine of res judicata because the claims were raised or could have been raised at sentencing or in a direct appeal, the trial court denied appellant's motion to vacate sentence. Appellant appealed to this court and argued that, because his sentence was void, review of the same was not precluded by the doctrine of res judicata. Finding that appellant failed to demonstrate any error, much less a "void" sentencing error, this court affirmed the trial court's judgment denying appellant's motion to vacate sentence in *State v. Reed*, 10th Dist. No. 11AP-792, 2012-Ohio-1612.

{¶ 4} On February 21, 2013, appellant filed a petition for postconviction relief, pursuant to R.C. 2953.23, alleging ineffective assistance of trial counsel, double jeopardy violations, Fourth Amendment violations, and sentencing issues. The trial court denied appellant's petition on three separate grounds: (1) the petition was untimely, (2) the issues raised were barred by the doctrine of res judicata, and (3) the arguments raised in the petition lacked merit.

## II. ASSIGNMENTS OF ERROR

{¶ 5} This appeal followed, and appellant brings three assignments of error for our review:

> I. The trial court erred when it found Appellant's post conviction relief petition untimely.
>
> II. The trial court abused it's [sic] discretion when it barred review of Appellant's post conviction relief petition on the doctrine of res judicata.
>
> III. The trial court abused it's [sic] discretion by not adjudicating Appellant's post conviction relief petition on the merits of it's [sic] claims, and in finding that claims wholly lacked merit.

## III.  DISCUSSION

### A.  First Assignment of Error

{¶ 6}  In his first assignment of error, appellant challenges the trial court's determination that his postconviction petition was untimely.

{¶ 7}  Pursuant to R.C. 2953.21(A)(2), a petition for postconviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication."  Further, R.C. 2953.23(A)(1) provides that a court may not entertain an untimely petition or a second petition or successive petitions unless certain conditions are met.  As recognized in *State v. Martin*, 10th Dist. No. 05AP-495, 2006-Ohio-4229, before a court may consider an untimely or a second or successive petition for postconviction relief, a petitioner must demonstrate that: " '(1) he was unavoidably prevented from discovering the facts upon which he bases his petition, or that the petitioner's claim is based upon a newly-created federal or state right; and (2) clear and convincing evidence demonstrates that no reasonable factfinder would have found him guilty in the absence of the alleged constitutional error.' "  *Id.* at ¶ 12, quoting *State v. Schoolcraft*, 4th Dist. No. 05CA29, 2006-Ohio-3139, ¶ 7.

{¶ 8}  A trial court's decision to deny a postconviction petition without a hearing is reviewed under the abuse-of-discretion standard.  *State v. Boddie*, 10th Dist. No. 12AP-811, 2013-Ohio-3925, ¶ 11, citing *State v. Campbell*, 10th Dist. No. 03AP-147, 2003-Ohio-6305, ¶ 14.  An abuse of discretion entails a decision that is unreasonable, arbitrary or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 9}  The instant postconviction petition is untimely and constitutes appellant's second request for postconviction relief.  Therefore, appellant had to demonstrate that one of R.C. 2953.23's exceptions applied before the trial court had jurisdiction to consider his second petition.  In an attempt to fall under one of those exceptions, appellant argues the Supreme Court of the United States recently recognized a new constitutional right in its decisions *Lafler v. Cooper*, 132 S.Ct. 1376 (2012), and *Missouri v. Frye*, 132 S.Ct. 1399 (2012).

{¶ 10} These cases do not recognize a new federal or state right that applies retroactively to persons in appellant's situation so as to justify the filing of an untimely or

successive postconviction petition. Rather, these cases "simply examined a defendant's existing right to the effective assistance of counsel in the context of plea bargaining." *State v. Isa*, 2d Dist. No. 2012-CA-44, 2013-Ohio-3382, ¶ 9, citing *State v. Hicks*, 8th Dist. No. 99119, 2013-Ohio-1904; *United States v. Garcia-Rodriguez*, 10th Cir. No. 13-8031 (June 19, 2013). *Lafler* and *Frye* do not create a new retroactive right, since the Supreme Court of the United States " 'was rather explicit that it was not creating a new right, but applying the existing right to effective assistance of counsel and test from *Strickland* [*v. Washington*, 466 U.S. 668 (1984)].' " *State v. Anderson*, 11th Dist. No. 2013-T-0041, 2013-Ohio-4426, ¶ 20, quoting *Hicks* at ¶ 13, citing *Hestle v. United States*, E.D.Mich. No. 05-40245 (Mar. 19, 2013).

{¶ 11} Because appellant has failed to establish the applicability of any exceptions allowing for filing an untimely, successive petition for postconviction relief, the trial court properly denied the same without a hearing as it lacked jurisdiction to review it. Accordingly, appellant's first assignment of error is overruled.

## B. Remaining Assignments of Error

{¶ 12} Our disposition of appellant's first assignment of error renders his remaining assignments of error moot.

## IV. CONCLUSION

{¶ 13} Appellant's first assignment of error is overruled, appellant's second and third assignments of error are rendered moot, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

KLATT, P.J., and BROWN, J., concur.

_____