[Cite as *State v. Pemberton*, 2014-Ohio-1204.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

STATE OF OHIO,                          :
                                        :
    Plaintiff-Appellee,                 :
                                        :           Case No. 13CA8
    v.                                  :
                                        :           <u>DECISION AND</u>
DARIES D. PEMBERTON,                    :           <u>JUDG13CA13MENT</u>
                                        ENTRY
                                        :
    Defendant-Appellant.                :           Released: 03/19/2014

---

APPEARANCES:

Daries D. Pemberton, pro se Appellant.

Jeff Adkins, Gallia County Prosecuting Attorney, Gallipolis, Ohio, for Appellee.

---

Hoover, J.:

{¶ 1} Appellant herein and defendant below, Daries D. Pemberton, appeals a judgment entry from the Gallia County Court of Common Pleas overruling his Motion for Re-Sentence and Motion to Correct Unauthorized Sentence. On August 5, 2008, appellant pled guilty to two counts of Felonious Assault, second degree felonies, and one count of Abduction, a third degree felony, pursuant to a plea agreement with the State of Ohio. Appellant was sentenced to 23 years in prison. Since then, appellant has filed multiple petitions for postconviction relief with the trial court, as well as appeals to this Court. Appellant argues that the trial court committed plain error at sentencing by failing to merge allied offenses of Felonious Assault and Abduction. For the following reasons, we reverse the judgment of the trial court, vacate the trial court's order, and order the trial court to dismiss the petitions for postconviction relief for lack of jurisdiction.

{¶ 2} Appellant sets forth one assignment of error:

THE TRIAL COURT COMMITTED "PLAIN ERROR" AT

SENTENCING BY FAILING TO MERGE THE FELONIOUS

ASSAULT COUNT WITH THE ABDUCTION COUNT AND BY

IMPOSING CONSECUTIVE SENTENCES ON BOTH.

{¶ 3} On August 5, 2008, appellant Daries D. Pemberton pled guilty to two counts of Felonious Assault, second degree felonies, each with a gun specification and one count of Abduction, a third degree felony. The trial court sentenced appellant to 8 years on both counts of Felonious Assault, 3 years on each gun specification, and 1 year on the count of Abduction, for a total consecutive sentence of 23 years. On September 26, 2008, well beyond the 30-day time period to file a direct appeal, appellant filed an appeal in this Court. The parties jointly and voluntarily dismissed the appeal on April 9, 2009.

{¶ 4} Appellant continued to file various petitions in the trial court. On January 21, 2010, a second appeal to this Court was dismissed because appellant failed to timely prosecute his case. Eventually, a decision on a third appeal was released on January 20, 2011. In that appeal, *State v. Pemberton*, 4th Dist. Gallia No. 10CA4, 2011-Ohio-373 (hereinafter "*Pemberton I*"), we overruled appellant's assignments of error and affirmed his convictions. Appellant's claims included ineffective assistance of counsel, conflict of interest between the trial judge and victims involved in the case, breach of a plea agreement, and error associated with the trial court's denial of his motion to withdraw his guilty plea. *Id.* Appellant filed a fourth appeal on April 18, 2011, but later voluntarily dismissed it.

{¶ 5}  On August 10, 2012, Pemberton, pro se, filed a "Motion to Correct Unauthorized Sentence."  A month later, on September 10, 2012, he filed a "Motion for Re-sentence."  These motions are the subject of this appeal. The motions, almost identical, argued that appellant's sentence was not authorized by law because the offense of Felonious Assault and Abduction should have merged under *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061.

{¶ 6}  The trial court considered the motions to be petitions for postconviction relief.  On May 7, 2013, the trial court overruled both motions stating:

> First, Defendant premises these motions on case law that did not exist until nearly two and one-half years after he was sentenced; and Two, this motion is time barred as not having been brought in the time period permitted and is thus, res judicata.
>
> The Court further finds that a hearing on these motions is not required because the basis of the motions relies on new law not in existence at the time of sentencing and further, as a result thereof, Defendant has failed to submit evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief.  *State v. Wright*, Washington App. No. 06 CA 18, 2006-Ohio-7100, at ¶ 20.

Appellant timely filed this appeal on June 4, 2013.

{¶ 7}  In his sole assignment of error, appellant argues that the trial court committed plain error at sentencing by failing to merge the Felonious Assault count with the Abduction count.  Although he cited to *Johnson* in his motion to the trial court, here on appeal appellant cites to *State v. Rance*, 85 Ohio St.3d 632, 1999-Ohio-291, 912

N.E.2d 1106 in support of his argument. Appellant contends that under the two-part test in *Rance*, each crime contains elements that are part of the other crime, and thus should have merged as allied offenses.

{¶ 8} Appellee, the State of Ohio, argues that appellant's assignment of error should be overruled because of the doctrine of res judicata. The State contends that since appellant failed to file a direct appeal on the issue of merger, he is now barred from raising the issue on appeal here. In the alternative, the State argues that if the issue is not barred by res judicata, the counts of Felonious Assault and Abduction were not allied offenses.

{¶ 9} We note initially that the trial court classified appellant's motions to be petitions for postconviction relief. "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds,* 79 Ohio St.3d 158, 679 N.E.2d 1131 (1997), syllabus. "The postconviction relief process is a collateral civil attack on a criminal judgment rather than an appeal of the judgment." *State v. Knauff*, 4th. Dist. Adams No. 13CA976, 2014-Ohio-308, ¶ 18 citing *State v. Calhoun,* 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999).

{¶ 10} This Court reviews a trial court's decision granting or denying a postconviction relief petition, filed pursuant to R.C. 2953.21, under an abuse of discretion standard. *See Knauff* at ¶ 19; see also *State v. Lewis*, 4th Dist. Ross No. 10CA3181, 2011-Ohio-5224, ¶ 8; *State v. Gondor,* 112 Ohio St.3d 377, 2006–Ohio–6679, 860 N.E.2d 77, ¶ 58. "A trial court abuses its discretion when its decision is unreasonable,

arbitrary, or unconscionable." *Knauff* at ¶ 19 citing *Cullen v. State Farm Mut. Auto. Ins. Co.,* 137 Ohio St.3d 373, 2013-Ohio-4733, 999 N.E.2d 614, ¶ 19. Furthermore, "a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence." *Id.* quoting *Gondor* at ¶ 58.

{¶ 11} R.C. 2953.21(A)(2) provides that a petition for postconviction relief must be filed no later than 180 days after the date on which the trial transcript is filed with the court of appeals in the direct appeal. If no direct appeal is filed, then the petitioner has 180 days after the expiration of the time in which a direct appeal could have been filed. R.C. 2953.21(A)(2). It is clear that appellant's 2012 postconviction motions were filed well after the 180-day limit.

{¶ 12} R.C. 2953.23(A)(1) allows a trial court to entertain an untimely filed petition for postconviction relief if:

(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the

petitioner guilty of the offense of which the petitioner was convicted or, if

the claim challenges a sentence of death that, but for constitutional error at

the sentencing hearing, no reasonable factfinder would have found the

petitioner eligible for the death sentence.

R.C. 2953.23(A)(1)(a)-(b).[1]

Appellant's sole assignment of error relates only to sentencing issues. Appellant does not

allege that the United States Supreme Court recognized a new federal or state right that

applies retroactively to persons in appellant's situation.  Furthermore, appellant does not

allege any issues relating to his guilt. Appellant cannot meet the requirements of R.C.

2953.23(A)(1)(a) or (b). Therefore, appellant has not demonstrated the requirements

necessary for the trial court to entertain his untimely petitions for postconviction relief.

The appellant further does not provide this court with any grounds to allow an untimely

filing of the petitions for postconviction relief. Due to the fact that the petitions for

postconviction relief were untimely, the trial court did not have jurisdiction to address the

merits of the petitions. The trial court should have dismissed the appellant's petitions for

postconviction relief for lack of jurisdiction.

{¶ 13}  Additionally, res judicata applies to proceedings involving postconviction

relief. *State v. Szefcyk,* 77 Ohio St.3d 93, 95, 671 N.E.2d 233 (1996).  "Under the

doctrine of res judicata, a final judgment of conviction bars a convicted defendant who

was represented by counsel from raising and litigating in any proceeding except an

appeal from that judgment, any defense or any claimed lack of due process that was

---

[1] R.C. 2953.23(A)(2) provides another circumstance where an untimely petition may be heard, but it is wholly inapplicable to this case.  In order to meet R.C. 2953.23(A)(2), a petitioner must have undergone DNA testing and the results establish, by clear and convincing evidence, actual innocence.

raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Smith,* 4th Dist. Ross No. 09CA3128, 2011-Ohio-664, ¶ 10 quoting *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104, (1967) paragraph 9 of the syllabus. "Therefore, 'any issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings.' " *State v. Segines*, 8th Dist. Cuyahoga No. 99789, 2013-Ohio-5259, ¶ 8 quoting *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16.

{¶ 14} This Court in *State v. Allbaugh*, 4th Dist. Athens No. 12CA23, 2013-Ohio-2031, ruled that an appellant who failed to raise an allied offense argument on direct appeal, could not raise the issue on a subsequent appeal from a violation of his community control. *Id.* at ¶ 18. Other appellate districts have reached similar decisions. *See State v. Pearson*, 5th Dist. Licking No. 13CA59, 2013-Ohio-5690, ¶ 13 (ruling that defendant had a prior opportunity to litigate the allied-offense claims he set forth in an instant appeal via a timely direct appeal from the sentencing hearing and resulting judgment entry; thus appellant's claim is barred by res judicata.); *see also State v. Townsend,* 8th Dist. No. 97214, 2012–Ohio–496, ¶ 7–8 (concluding that the issue of whether two offenses constitute allied offenses subject to merger must be raised on direct appeal from a conviction, or res judicata will bar subsequent attempts to raise the issue).

{¶ 15} Here, appellant failed to file a timely direct appeal from his August 5, 2008 convictions. He filed his first appeal on September 26, 2008, clearly beyond the 30-day requirement set forth in App.R. 4(A). Moreover, appellant eventually filed a third appeal, which this Court addressed in *Pemberton I*. In that appeal appellant failed to

argue that the counts of Felonious Assault and Abduction should have merged. Accordingly, appellant had a prior opportunity to appeal the issue of merger to this Court, via a direct appeal of his August 5, 2008 convictions.  As a result, appellant is now barred under the doctrine of res judicata from raising the issue here.  *Perry*, *supra* at paragraph 9 of the syllabus.

{¶ 16}  Since appellant's petitions for relief were untimely filed, the trial court lacked jurisdiction to address the merits of the petitions and should have dismissed them for lack of jurisdiction. In addition, appellant's argument regarding the merger of allied offenses is barred by res judicata.  For these reasons, the judgment of the Gallia County Court of Common Pleas is reversed. The trial court's judgment entry denying appellant's petition for postconviction relief is vacated. The petition for postconviction relief should be dismissed for lack of jurisdiction.

JUDGMENT REVERSED AND VACATED.

Harsha, J., concurring in judgment only:

{¶ 17}  Because the trial court did not have jurisdiction to decide the merits of the petition, they are not properly before us. I would simply reverse the trial court's judgment, remand with instructions to vacate its order, and to enter an order of dismissal for lack of jurisdiction.

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS REVERSED. The trial court's judgment entry denying the petitions for postconviction relief is VACATED. The trial court is ordered to enter a DISMISSAL of the petitions for postconviction relief for lack of jurisdiction. Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court.  If a stay is continued by this entry, it will terminate at the earliest of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J.: Concurs in Judgment and Opinion.
Harsha, J.: Concurs in Judgment Only with Attached Opinion.

For the Court

By:_____
        Marie Hoover, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.