[Cite as *State v. Tanksley*, 2014-Ohio-1194.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 13AP-769 |
| v. | : | (C.P.C. No. 04CR-05-3347) |
| Daniel Tanksley, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

---

D E C I S I O N

Rendered on March 25, 2014

---

*Ron O'Brien*, Prosecuting Attorney, and *Laura R. Swisher*, for appellee.

*Daniel Tanksley*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Daniel Tanksley, appeals from a judgment of the Franklin County Court of Common Pleas denying his petition for postconviction relief. Because appellant's petition was untimely, we affirm that judgment.

I. **Factual and Procedural Background**

{¶ 2} In 2005, appellant entered a guilty plea to one count of murder with a firearm specification. The trial court accepted his guilty plea, found him guilty, and sentenced him accordingly. Appellant did not file a timely appeal from that judgment, and this court denied his subsequent motion to file a delayed appeal pursuant to App.R. 5(A). *State v. Tanksley*, 10th Dist. No. 06AP-24 (Mar. 16, 2006) (memorandum

decision).  In 2013, appellant filed a petition for postconviction relief.  The trial court denied his petition because, among other reasons, it was untimely.

## II.  Appellant's Appeal

{¶ 3}   Appellant appeals and assigns the following errors:

> 1. The Trial Court abused its discretion when it denied appellant's petition to vacate pursuant to R.C. 2953.23, for being untimely per R.C. 2953.21.

> 2. The Defendant's judgment of conviction is void/nullity for lack of subject matter jurisdiction by the trial court.

> 3. Trial Counsel provided ineffective assistance of counsel by failing to object to the indictment that was void/nullity.

> 4. The prosecutor acted with misconduct by obtaining an indictment that was not bound over from the juvenile court.

> 5. Trial Counsel provided ineffective assistance of counsel when he failed to request a jury instruction of the lessor included offense of manslaughter.

### A.  Appellant's Untimely Petition for Postconviction Relief

{¶ 4}   Appellant argues in his first assignment of error that the trial court erred by denying his untimely petition because he satisfied an exception to the timeliness requirement for petitions for postconviction relief.  We disagree.

{¶ 5}   R.C. 2953.21 sets forth the requirements for filing a petition for postconviction relief. R.C. 2953.21(A)(2) provides:

> [A] petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, * * * the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.

{¶ 6}   Appellant filed his petition for postconviction relief in 2013, well after the statutory deadline for filing such a petition.  A trial court lacks jurisdiction to entertain an untimely petition for postconviction relief unless a petitioner demonstrates that one of the

exceptions in R.C. 2953.23(A) applies. *State v. Hollingsworth,* 10th Dist. No. 08AP-785, 2009-Ohio-1753, ¶ 8; *State v. Raines,* 10th Dist. No. 03AP-1076, 2004-Ohio-2524, ¶ 5. Those exceptions allow a trial court to consider untimely petitions for postconviction relief in limited situations.

{¶ 7} Appellant seeks consideration of his untimely exception only under R.C. 2953.23(A)(1), which allows a trial court to entertain an untimely petition if the petitioner can demonstrate that his claim was based on a new federal or state right recognized by the United States Supreme Court that could be retroactively applied to appellant's case. Appellant argues that the United States Supreme Court recently recognized a new constitutional right in two decisions: *Missouri v. Frye,* 132 S.Ct. 1399 (2012), and *Lafler v. Cooper,* 132 S.Ct. 1376 (2012). This court and others have considered and rejected this argument. *State v. Reed,* 10th Dist. No. 13AP-450, 2013-Ohio-5145, ¶ 9-10. *See also State v. Isa,* 2d Dist. No. 2012-CA-44, 2013-Ohio-3382, ¶ 9; *State v. Anderson,* 11th Dist. No. 2013-T-0041, 2013-Ohio-4426, ¶ 19-20. As we pointed out in *Reed,* neither *Lafler* nor *Frye* create a new retroactive right.

{¶ 8} Because appellant failed to establish the applicability of an exception that would allow the trial court to consider his untimely petition, the trial court lacked jurisdiction to entertain his petition for postconviction relief. *State v. Mangus,* 10th Dist. No. 06AP-1105, 2009-Ohio-6563, ¶ 13. Accordingly, the trial court did not err in denying appellant's petition, although technically, the petition should have been dismissed for lack of jurisdiction. *Id.*; *Hollingsworth* at ¶ 10.

## III. Conclusion

{¶ 9} We overrule appellant's first assignment of error. That disposition renders moot appellant's other assignments of error, which addresses the merits of his petition. *Mangus* at ¶ 14, citing *State v. Hatfield,* 10th Dist. No. 07AP-784, 2008-Ohio-1377, ¶ 9. Accordingly, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and CONNOR, JJ., concur.