[Cite as *State v. Burton*, 2014-Ohio-2549.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Respondent/Appellee, | : | |
| | : | Case No. 13CA12 |
| v. | : | |
| | : | DECISION AND |
| SHAWN BURTON, | : | JUDGMENT ENTRY |
| | : | |
| Defendant-Petitioner/Appellant. | : | Released: 06/10/2014 |

APPEARANCES:

Eric J. Allen, The Law Office of Eric J. Allen, LTD, Columbus, Ohio, for Appellant.

Michael Dewine, Ohio Attorney General & Scott A. Longo, Ohio Assistant Attorney General, Columbus, Ohio, for Appellee.

Hoover, J.

{¶ 1} Defendant-appellant, Shawn Burton, appeals a decision from the Gallia County Court of Common Pleas denying his postconviction relief petition to vacate his sentence. On December 2, 2004, a jury found Burton guilty on five counts of Gross Sexual Imposition, three counts of Rape, and one count of forcible Rape with a minor under thirteen years of age, all involving a minor child. Here on appeal, appellant presents one assignment of error, arguing that he was denied effective assistance of counsel during plea negotiations. Burton contends that although he agreed to a plea agreement for a 10 year sentence, his counsel failed to clarify the terms. For the following reasons, we reverse the judgment of the trial court. The petition for post-conviction relief should be dismissed for lack of jurisdiction.

{¶ 2} On October 28, 2004, appellant Shawn Burton was indicted on 25 counts including charges of Rape, Gross Sexual Imposition, Kidnapping, and Bribery. The counts involved two

separate minor victims: 1-13 involved one victim (John Doe #1) and counts 14-25 involved another (John Doe #2). On December 2, 2004, a jury found Burton guilty of counts 1-11 involving John Doe #1. Burton timely filed an appeal on January 7, 2005.

{¶ 3} This Court affirmed the jury convictions involving John Doe #1 in *State v. Burton*, 4th Dist. Gallia No. 05CA3, 2007-Ohio-1660. In that appeal, Burton presented three assignments of error, which included arguments that the trial court violated Burton's right to a jury trial, the evidence presented at trial was insufficient and against the manifest weight of the evidence, and the trial court erred in admitting other acts evidence. As previously mentioned, this Court overruled Burton's assignments of error.

{¶ 4} On September 23, 2005, Burton, pro se, filed a Petition to Vacate or Set Aside Judgment of Conviction. Burton set forth two constitutional arguments for his petition. The first was that his trial counsel failed to call two witnesses, who would have shown that the victim was lying. The second claim was that his trial counsel failed to ask potential jurors, during vore dire, if they had seen media reports relating to the death of Burton's mother. According to Burton, he was, at one time, considered a suspect in his mother's death. The trial court dismissed the petition, stating: "Finally, the Court finds that the doctrine of res judicata bars the Defendant from asserting the claim of ineffective assistance of counsel when said claim could have been litigated on direct appeal, regardless of whether that appeal has been filed at the time of his filing this Petition." Burton did not appeal the trial court's decision.

{¶ 5} On April 25, 2006, Burton pleaded guilty to charges of Rape, first degree felonies, in violation of 2907.02(A)(2), contained in counts 20, 21, and 22 involving John Doe #2. Burton filed an appeal arguing that the trial court failed to merge two of the counts of Rape as allied

offenses. This Court in *State v. Burton*, 4th Dist. Gallia No. 06CA4, 2006-Ohio-4865, overruled

Burton's assignment of error and affirmed the judgment of the trial court.

{¶ 6} On May 29, 2008, Burton, pro se, filed a Crim.R. 32.1 motion to withdraw his

guilty plea in the case involving John Doe #2. In the motion Burton argues that he was misled in

believing that the victim was in agreement with the plea agreement. The trial court denied

Burton's motion, stating: "Even if the facts alleged by the Defendant are accepted as true, they

would not require this Court to grant Defendant's Motion to Withdraw his guilty plea in order to

correct a manifest injustice. *State v. Allison*, 2007 Ohio 789."

{¶ 7} On September 30, 2008, Burton, this time represented by counsel, again filed a

motion to withdraw his guilty plea. Burton alleged prosecutorial misconduct and ineffective

assistance of counsel. On December 17, 2008, the trial court denied the motion. On January 21,

2009, Burton filed a motion requesting this Court for an extension to file an appeal of the trial

court's decision. Burton waited until February 20, 2009 to file a notice of appeal of the

December 17, 2008 decision. This Court denied Burton's motion for extension and dismissed his

appeal.

{¶ 8} Approximately four years later, on February 29, 2013, Burton, through his counsel,

filed a petition to vacate his conviction or sentence pursuant to R.C. 2953.21 in the case

involving John Doe #1. The motion set forth a claim of ineffective assistance of counsel during

plea negotiations. Attached to the motion are the affidavits of Burton, his attorney who filed the

motion on his behalf, Eric Allen, and a deposition of Burton. The State of Ohio filed a response

to the motion and attached an affidavit of Special Prosecuting Attorney Scott Longo and a letter

from Burton's attorney during the plea negotiations, William Eachus. In the letter, Attorney

Eachus states: "We have reviewed the attached affidavit [of Scott Longo] and agree that the information contained therein is factually accurate."

{¶ 9} On July 12, 2013, the trial court denied Burton's petition and set forth the following summary:

1. That defendant did not file his petition within the time required by R.C. 2953.21(A)(2).

2. That defendant did not satisfy R.C. 2953.23(A)(1)(a) to expand the time within which defendant could file his petition.

3. That defendant's claim is res judicata because he could have raised the claim during his appeal from his conviction and sentence and in his 2005 petition for post-conviction relief.

4. That defendant has failed to show that his attorney was ineffective.

5. That defendant has failed to demonstrate substantive grounds for relief. R.C. 2953.21(C).

This is the trial court decision that is the subject of this appeal. Burton timely filed this appeal on August 7, 2013.

Appellant's Sole Assignment of Error

APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL

DURING THE PLEA NEGOTIATIONS IN THIS MATTER IN VIOLATION

OF THE SUPREME COURT'S HOLDING IN BOTH LAFFLER V COOPER

AND MISSOURI V FRYE

{¶ 10} In his sole assignment of error, appellant Burton states that the Supreme Court of the United States in *Missouri v. Frye,* --- U.S. ----, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012), and

*Lafler v. Cooper,* ---U.S. ----, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012) holds that defendants are entitled to effective assistance of counsel during plea negotiations. Burton argues that his attorney at the time, William Eachus violated his duty to him when Eachus failed to tell the prosecuting attorney that he agreed to the plea offer, including a recommended 10 year sentence. Burton states that he accepted the offer but had two questions regarding the plea agreement: 1) whether the term was flat time or an indefinite sentence, and 2) if he could get out in five years. Burton contends that since his attorney failed to clarify the terms of the plea agreement, he was prejudiced when he went to trial and received a sentence far greater than the plea agreement.

Legal Standard

{¶ 11} "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds,* 79 Ohio St.3d 158, 679 N.E.2d 1131 (1997), syllabus. "The postconviction relief process is a collateral civil attack on a criminal judgment rather than an appeal of the judgment." *State v. Knauff*, 4th. Dist. Adams No. 13CA976, 2014-Ohio-308, ¶ 18 citing *State v. Calhoun,* 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999).

{¶ 12} This Court reviews a trial court's decision granting or denying a postconviction relief petition, filed pursuant to R.C. 2953.21, under an abuse of discretion standard. *See Knauff* at ¶ 19; see also *State v. Lewis*, 4th Dist. Ross No. 10CA3181, 2011-Ohio-5224, ¶ 8; *State v. Gondor,* 112 Ohio St.3d 377, 2006–Ohio–6679, 860 N.E.2d 77, ¶ 58. "A trial court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable." *Knauff* at ¶ 19 citing *Cullen v. State Farm Mut. Auto. Ins. Co.,* 137 Ohio St.3d 373, 2013-Ohio-4733, 999 N.E.2d 614, ¶ 19. Furthermore, "a reviewing court should not overrule the trial court's finding on a petition

for postconviction relief that is supported by competent and credible evidence." *Id.* quoting *Gondor* at ¶ 58.

{¶ 13} R.C. 2953.21(A)(2) provides that a petition for postconviction relief must be filed no later than 180 days after the date on which the trial transcript is filed with the court of appeals in the direct appeal. If no direct appeal is filed, then the petitioner has 180 days after the expiration of the time in which a direct appeal could have been filed. R.C. 2953.21(A)(2). It is clear that Burton's February 29, 2013 postconviction motion was filed well after the 180-day limit.

{¶ 14} R.C. 2953.23(A)(1) allows a trial court to entertain an untimely filed petition for postconviction relief if:

(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the

sentencing hearing, no reasonable factfinder would have found the petitioner

eligible for the death sentence.

R.C. 2953.23(A)(1)(a)-(b).[1]

{¶ 15} Burton argues that *Missouri v. Frye,* --- U.S. ----, 132 S.Ct. 1399, 182 L.Ed.2d

379 (2012), and *Lafler v. Cooper,* --- U.S. ----, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012) stand for

a more concrete and broader application of the Sixth Amendment. However, other courts have

rejected the argument that *Lafler* or *Fyre* create a new retroactive right. *See State v. Isa,* 2nd Dist.

Champaign No. 2012-CA-44, 2013-Ohio-3382, ¶ 9; *State v. Anderson,* 11th Dist. Trumbull No.

2013-T-0041, 2013-Ohio-4426, ¶ 19–20; *State v. Tanksley*, 10th Dist. Franklin No. 13AP-769,

2014-Ohio-1194, ¶ 7. Furthermore, the right to effective assistance of counsel during plea

negotiations has existed for years. *State v. Hicks*, 8th Dist. Cuyahoga No. 99119, 2013-Ohio-

1904, fn. 2 citing *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763

(1970); *Hill v. Lockhart,* 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Padilla v.*

*Kentucky,* 559 U.S. 356, 130 S.Ct. 1473, 1480–1481, 176 L.Ed.2d 284 (2010).

{¶ 16} Burton has failed to demonstrate the applicability of an exception that would

allow the trial court to consider his untimely petition for postconviction relief. *State v.*

*Pemberton*, 4th Dist. Gallia No. 13CA8, 2014-Ohio-1204, ¶ 12. Therefore, the trial court had no

jurisdiction to consider the petition. *Id.*

{¶ 17} Additionally, res judicata applies to proceedings involving postconviction relief.

*State v. Szefcyk,* 77 Ohio St.3d 93, 95, 671 N.E.2d 233 (1996). "Under the doctrine of res

judicata, a final judgment of conviction bars a convicted defendant who was represented by

---

[1] R.C. 2953.23(A)(2) provides another circumstance where an untimely petition may be heard, but it is wholly inapplicable to this case. In order to meet R.C. 2953.23(A)(2), a petitioner must have undergone DNA testing and the results establish, by clear and convincing evidence, actual innocence.

counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Smith,* 4th Dist. Ross No. 09CA3128, 2011-Ohio-664, ¶ 10 quoting *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104, (1967) paragraph 9 of the syllabus. "Therefore, 'any issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings.' " *State v. Segines*, 8th Dist. Cuyahoga No. 99789, 2013-Ohio-5259, ¶ 8 quoting *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16.

{¶ 18} A jury found Burton guilty on all charges submitted to it on December 2, 2004. Burton did not raise the issue of ineffective assistance of counsel in his direct appeal. Burton also never raised the issue of the need to clarify the plea agreement involving the counts related to John Doe #1 since he was convicted nearly ten years ago. Therefore, these issues are barred by res judicata.

{¶ 19} Since appellant's petition for relief was untimely filed, the trial court lacked jurisdiction to address the merits of the petition and should have dismissed it for lack of jurisdiction. In addition, appellant's arguments regarding ineffective assistance of counsel and clarification of the plea agreement are barred by res judicata. For these reasons, the judgment of the Gallia County Court of Common Pleas is reversed. The trial court's judgment entry denying appellant's petition for postconviction relief is vacated. The petition for postconviction relief should be dismissed for lack of jurisdiction.

JUDGMENT REVERSED AND VACATED.

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS REVERSED. The trial court's judgment entry denying the petition for postconviction relief is VACATED. The trial court is ordered to enter a DISMISSAL of the petition for postconviction relief for lack of jurisdiction. Appellee shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court. If a stay is continued by this entry, it will terminate at the earliest of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J. & McFarland, J.: Concur in Judgment and Opinion.

For the Court

By:_____
        Marie Hoover, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.