**[Cite as *State v. Willingham*, 2016-Ohio-5359.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                      Court of Appeals No. L-15-1301

　　　　Appellee                               Trial Court No. CR0201402019

v.

Dajuan Willingham                        **DECISION AND JUDGMENT**

　　　　Appellant                            Decided:  August 12, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
David F. Cooper, Assistant Prosecuting Attorney, for appellee.

Dajuan Willingham, pro se.

* * * * *

**YARBROUGH, J.**

## I.  Introduction

{¶ 1} Appellant, Dajuan Willingham, appeals the judgment of the Lucas County

Court of Common Pleas, dismissing his petition for postconviction relief.  We affirm.

## A. Facts and Procedural Background

{¶ 2} The facts of this case were previously summarized in our March 11, 2016 judgment entry on appellant's direct appeal in *State v. Willingham*, 6th Dist. Lucas No. L-15-1045, as follows:

> The record reflects that on June 26, 2014, appellant was indicted on ten counts of aggravated robbery (each with firearm specifications), one count of aggravated assault, one count of aggravated assault with a firearm specification, and three counts of kidnapping in connection with a string of robberies that occurred in Toledo between May 16 and June 18, 2014.

> After discovery, appellant entered a plea of guilty to six counts of aggravated robbery with two firearm specifications and signed the written plea of guilty.

{¶ 3} At his sentencing hearing on February 18, 2015, appellant was sentenced to a total of 30 years in prison. Appellant filed a timely notice of appeal of the trial court's sentencing entry. On appeal, he argued that his plea was made unknowingly and involuntarily under Crim.R. 11(C) because the trial court inferred that community control was available when, in fact, it was not available. Appellant also argued that the trial court erred in imposing consecutive sentences without complying with R.C. 2929.14(C)(4). Finally, appellant asserted that the trial court erred in imposing the costs of confinement and court-appointed counsel without evidence of his ability to pay such

2.

costs.  Upon consideration of appellant's arguments, we found them to be lacking in merit and affirmed the decision of the trial court.

{¶ 4} On October 20, 2015, while the foregoing appeal was pending in this court, appellant filed a petition for postconviction relief in the trial court, arguing that he received ineffective assistance of trial counsel.  In support of his ineffective assistance of counsel argument, appellant claimed that "one of the robberies involved fingerprints that were removed from a counter that were in no way related to [appellant].  [Appellant] was falsely and/or wrongfully charged with the robbery."  Additionally, appellant contended that trial counsel lied to him by telling him that the trial judge promised counsel that appellant would not receive a prison sentence in excess of 20 years.  Moreover, appellant asserted that counsel misled him by presenting certain redacted discovery materials and explaining that they implicated appellant in the robberies at issue in this case when in fact the unredacted versions do not implicate him.  Finally, appellant argued that his trial counsel failed to ensure that his speedy trial rights were honored, noting that three months and eight days passed between his arrest and his eventual guilty plea.

{¶ 5} Upon receiving the state's response to appellant's postconviction petition, the trial court issued its decision.  As to appellant's argument regarding the additional fingerprints, the trial court found that appellant failed to advance any argument as to how the presence of additional fingerprints at the crime scene was related to his counsel's deficiency.  Further, the court noted that appellant failed to identify whether his argument

3.

was related to one of the robberies for which he was found guilty, or one of the robberies that were dismissed as a result of the plea agreement.

{¶ 6} Concerning appellant's assertion that trial counsel lied to him about the maximum sentence he would receive in this case, the court insisted that it did not make any promises to trial counsel concerning a maximum sentence, and further found that its plea colloquy with appellant indicated that no promises were made to appellant and that appellant understood that fact prior to entering his guilty plea.

{¶ 7} Turning to appellant's contention that counsel lied to him concerning the content of certain discovery materials, the court concluded that appellant provided no credible evidence to support the claim. The court also found that the record did not support the assertion that appellant's speedy trial rights were violated.

{¶ 8} Having found no merit to appellant's arguments, the trial court dismissed the petition for postconviction relief. Appellant's timely appeal followed.

## B. Assignment of Error

{¶ 9} On appeal, appellant advances one assignment of error for our review:

Counsel for Appellant was ineffective, in contravention of the Sixth Amendment of the Constitution of the United States, as the trial court erred in not providing an evidentiary hearing to establish said effectiveness.

## II. Analysis

{¶ 10} A trial court's decision to deny a petition for postconviction relief involves mixed questions of law and fact. Consequently, we review the trial court's decision on

4.

factual issues using a manifest weight standard of review, and we review the trial court's decision on legal issues de novo. *State v. Hoffner*, 6th Dist. No. L-01-1281, 2002-Ohio-5201, ¶ 6.

{¶ 11} R.C. 2953.21(A)(1)(a) provides for postconviction relief. That section states, in pertinent part:

> Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief.

{¶ 12} A criminal defendant seeking to challenge his conviction through a petition for postconviction relief is not automatically entitled to a hearing. R.C. 2953.21; *State v. Calhoun*, 86 Ohio St.3d 279, 282, 714 N.E.2d 905 (1999). According to R.C. 2953.21(C), a petitioner is entitled to a hearing when, upon review of the petition and the record, the trial court finds that there are "substantive grounds for relief." In making such a determination, the trial court must consider the petition and supporting affidavits as well as all of the files and records pertaining to the proceedings against the petitioner. R.C. 2953.21(C).

5.

{¶ 13} Here, appellant argues that he was deprived of the effective assistance of trial counsel and, further, that the trial court erred in dismissing his postconviction petition without holding a hearing on the matter.

{¶ 14} To demonstrate ineffective assistance of counsel, appellant must satisfy the two-prong test developed in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). That is, appellant must show that counsel's performance fell below an objective standard of reasonableness, and a reasonable probability exists that but for counsel's error, the result of the proceedings would have been different. *Id.* at 687-688, 696. "Judicial scrutiny of counsel's performance must be highly deferential. * * * [A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989), quoting *Strickland* at 689. In addition,

> [A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. *Id.* at 143, quoting *Strickland* at 697.

{¶ 15} In this case, appellant asserts that his trial counsel was ineffective in failing to address the fact that fingerprints were recovered from the scene of one of the robberies

6.

for which he was charged. Notably, appellant fails to identify which robbery he is referring to within this argument. Given the fact that several of the robbery charges were dismissed as a result of his guilty plea, it is unclear whether appellant's argument has any bearing on the robbery charges for which he was convicted. Nonetheless, appellant has failed to establish that his trial counsel was deficient in evaluating the fingerprint evidence. Indeed, the mere presence of additional fingerprints at the scene of a crime does not automatically lead to the conclusion that appellant was not involved in the crime.

{¶ 16} Next, appellant argues that his trial counsel "lied to him by telling [him] that [counsel] had personally talked to Your Honor and that Your Honor promised that Appellant would not receive more than twenty (20) years." In light of the plea colloquy that took place in this case, which is referenced by the trial court in its decision dismissing appellant's petition, we find no merit to this argument. In its decision, the trial court noted that appellant "was personally asked, under oath, whether anyone had threatened or promised him anything in exchange for his plea. * * * At several junctures in the plea colloquy, [appellant] was provided the opportunity to bring this alleged 20-year promise to the court's attention and failed to do so." Having reviewed the record in this case, we find no support for appellant's allegation concerning the sentencing judge's promise to impose a sentence not to exceed 20 years. By extension, we find no merit to appellant's strained ineffective assistance of counsel argument concerning such alleged promises.

7.

**{¶ 17}** In addition to the foregoing ineffective assistance of counsel arguments, appellant contends that his speedy trial rights were violated. The Supreme Court of Ohio has held that an issue that was or could have been raised on direct appeal is not available in a petition for postconviction relief, because it is barred by res judicata. *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994). Here, the issue of appellant's speedy trial rights could have been raised on direct appeal and decided at that time. Thus, appellant's speedy trial argument is barred by the doctrine of res judicata.

**{¶ 18}** Finally, appellant asserts that trial counsel misrepresented certain redacted discovery materials that counsel claimed implicated him in the robberies at issue here. Notably, such discovery materials are not contained in the record and, therefore, we are unable to verify the validity of appellant's assertions. Further, appellant has not established that the result of the proceedings would have been different were it not for his trial counsel's alleged misrepresentations.

**{¶ 19}** In light of the foregoing, we find that appellant has failed to demonstrate that trial counsel's performance was deficient in this matter. Further, appellant has not demonstrated prejudice, as required to sustain an ineffective assistance argument under *Strickland*. Accordingly, appellant's sole assignment of error is not well-taken.

### III. Conclusion

**{¶ 20}** The judgment of the Lucas County Court of Common Pleas is affirmed. Costs are hereby assessed to appellant in accordance with App.R. 24.

Judgment affirmed.

8.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.      _____
               JUDGE
Stephen A. Yarbrough, J.

James D. Jensen, P.J.      _____
CONCUR.            JUDGE

            _____
               JUDGE