[Cite as *State v. Willingham*, 2017-Ohio-8345.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

      Appellee

v.

Dajuan Willingham

      Appellant

Court of Appeals No. L-17-1042

Trial Court No. CR0201402019

**DECISION AND JUDGMENT**

Decided:  October 27, 2017

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Claudia A. Ford, Assistant Prosecuting Attorney, for appellee.

Dajuan Willingham, pro se.

* * * * *

**SINGER, J.**

**{¶ 1}** This accelerated appeal is from a judgment of the Lucas County Court of

Common Pleas.  For the reasons that follow, we affirm.

**{¶ 2}** In June 2014, appellant, Dajuan Willingham, was indicted on ten counts of

aggravated robbery with gun specifications, three counts of kidnapping, and two counts

of felonious assault where one count carried a gun specification. Appellant pled guilty to six counts of aggravated robbery and two gun specifications and, on February 19, 2015, the court sentenced him to an aggregate prison term of 30 years.

{¶ 3} Appellant made a direct appeal of the February 2015 judgment, setting forth these three assignments of error: (1) his plea was made unknowingly and involuntarily under Crim.R. 11(C) because the trial court inferred community control was available when it was not; (2) the trial court failed to find consecutive sentences were necessary to protect the public or to punish the offender, as required by R.C. 2929.14(C)(4); and, (3) the trial court erred in imposing costs of confinement and of court-appointed counsel without clear and convincing evidence appellant had the ability to pay.

{¶ 4} Appellant did not raise the issue of ineffective assistance of counsel in his direct appeal, and we affirmed his convictions and the imposed, aggregate sentence. *See State v. Willingham*, 6th Dist. Lucas No. L-15-1045, 2016 Ohio App. LEXIS 2937 (Mar. 11, 2016).

{¶ 5} On October 14, 2015, however, appellant filed a pro se petition for postconviction relief in the trial court claiming he received ineffective assistance of trial counsel. The trial court dismissed the petition on October 20, 2015.

{¶ 6} We affirmed that judgment on August 12, 2016. *See State v. Willingham*, 6th Dist. Lucas No. L-15-1301, 2016-Ohio-5359. In our decision, we addressed appellant's ineffective-assistance arguments, which were summarized as follows:

2.

[A]ppellant claimed that "one of the robberies involved fingerprints that were removed from a counter that were in no way related to [appellant]. [Appellant] was falsely and/or wrongfully charged with the robbery." Additionally, appellant contended that trial counsel lied to him by telling him that the trial judge promised counsel that appellant would not receive a prison sentence in excess of 20 years. Moreover, appellant asserted that counsel misled him by presenting certain redacted discovery materials and explaining that they implicated appellant in the robberies at issue in this case when in fact the unredacted versions do not implicate him. Finally, appellant argued that his trial counsel failed to ensure that his speedy trial rights were honored, noting that three months and eight days passed between his arrest and his eventual guilty plea.

*See Willingham*, 6th Dist. Lucas No. L-15-1301, 2016-Ohio-5359, at ¶ 4.

{¶ 7} On November 29, 2016, appellant filed in the trial court a "Motion to Correct Void Judgment Criminal R. 32," in which he again claimed his convictions were void because his trial counsel was ineffective. The state asserted three arguments in response: (1) appellant's challenge was untimely, (2) appellant did not offer evidentiary proof of a deprivation of constitutional rights, and (3) the claim was barred by res judicata. The trial court overruled appellant's motion on January 27, 2017, construing appellant's motion as a petition for postconviction relief and finding it was filed untimely.

3.

**{¶ 8}** Appellant now appeals from that judgment setting forth the following assignment of error:

> 1. COUNSEL WAS INEFFECTIVE FOR NOT INVESTIGATING THE PLEA OFFER BY THE STATE.

**{¶ 9}** In this assigned error appellant yet again raises and appeals the issue of ineffective assistance of his trial counsel.

**{¶ 10}** "The denial of a postconviction petition will not be overturned on appeal absent a finding of abuse of discretion." *State v. Rodriguez*, 6th Dist. Wood No. WD-14-075, 2015-Ohio-562, ¶ 7. An abuse of discretion means more than an error of law or judgment, instead it requires a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶ 11}** R.C. 2953.21(A)(2) requires that a petition for postconviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication." *See State v. Brooks*, 6th Dist. Lucas Nos. L-12-1348, L-12-1349, 2014-Ohio-427, ¶ 11.

**{¶ 12}** Here, appellant filed his petition for postconviction relief after the statutory 180-day period set forth in R.C. 2953.21(A)(2). More specifically, appellant's trial transcripts and direct appeal were filed in February 2015, and this petition was not filed

4.

until November 29, 2016. Thus appellant must meet the specific requirements set forth in R.C. 2953.23 for us to consider his request for relief.

{¶ 13} R.C. 2953.23 provides:

(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error

at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

(2) The petitioner was convicted of a felony, the petitioner is an inmate for whom DNA testing was performed under sections 2953.71 to 2953.81 of the Revised Code or under section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case as described in division (D) of section 2953.74 of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death.

R.C. 2953.23(A)(1)-(2); *State v. Ayers*, 6th Dist. Erie No. E-07-072, 2009-Ohio-393, ¶ 15.

{¶ 14} We first note this appeal does not involve a claim of actual innocence based on DNA testing. *See* R.C. 2953.23(A)(2). Further, appellant has failed to establish he was either (a) unavoidably prevented from discovery of facts on which he relies to present his claim for relief or that a new right applies retroactively to him, and that (b) by clear and convincing evidence, but for the constitutional error at trial, no reasonable factfinder would have found him guilty. *See* R.C. 2953.23(A)(1). Appellant has merely

6.

repeated the same arguments he asserted in his last postconviction relief petition. Thus, we find the court lacked jurisdiction to consider appellant's successive petition for postconviction relief. *See Ayers* at ¶ 16; *see also Rodriguez*, 6th Dist. Wood No. WD-14-075, 2015-Ohio-562, at ¶ 6.

{¶ 15} Moreover, "res judicata applies to proceedings involving postconviction relief." *See State v. Burton*, 4th Dist. Gallia No. 13CA12, 2014-Ohio-2549, ¶ 17, citing *State v. Szefcyk*, 77 Ohio St.3d 93, 95, 671 N.E.2d 233 (1996). Under res judicata, a final judgment of conviction bars the convicted who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised at trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *See Burton* at ¶ 18 (barring ineffective claim in postconviction petition under res judicata); *Brooks*, 6th Dist. Lucas Nos. L-12- 1348, L-12-1349, 2014-Ohio-427, at ¶ 14 (applying res judicata to a successive petition).

{¶ 16} Accordingly, because this successive petition for postconviction relief is untimely and not brought as an exception under R.C. 2953.23(A), we find the trial court lacked jurisdiction to consider the petition and res judicata bars appellant from relitigating his ineffective assistance claim. The trial court did not abuse its discretion, and appellant's sole assigned error is found not well-taken.

7.

## Conclusion

{¶ 17} The judgment of the Lucas County Court of Common Pleas is affirmed.

The costs of this appeal are assessed to appellant pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                 _____

                                           JUDGE

Thomas J. Osowik, J.           

                                           _____

Christine E. Mayle, J.                          JUDGE
CONCUR.

                                           _____

                                           JUDGE

8.