[Cite as *State v. Martin*, 2014-Ohio-3698.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                           :

        Plaintiff-Appellee,                     :

                                     No. 14AP-58
v.                                                      :       (C.P.C. No. 95CR-01-183)

Tyrone M. Martin,                                       :       (REGULAR CALENDAR)

        Defendant-Appellant.                    :

---

D E C I S I O N

Rendered on August 26, 2014

---

*Ron O'Brien, Prosecuting Attorney*, and *Valerie Swanson*, for
appellee.

*Tyrone M. Martin*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

SADLER, P.J.

{¶ 1} Defendant-appellant, Tyrone M. Martin, appeals from a judgment of the
Franklin County Court of Common Pleas denying his "Motion for a Final Order Pursuant
to Ohio Revised Code 2929.03(F)." For the reasons that follow, we affirm the judgment of
the trial court.

## I. BACKGROUND

{¶ 2} Appellant was indicted on three counts of aggravated murder, with
specifications, in violation of R.C. 2903.01, aggravated burglary, with specification, in
violation of R.C. 2911.11, and aggravated robbery, with specification, in violation of R.C.
2911.01. On February 2, 1996, pursuant to a plea agreement, appellant pleaded guilty to
aggravated murder with death penalty specification, aggravated burglary, and aggravated

robbery before a single judge. As a part of the plea agreement, plaintiff-appellee, the State of Ohio, and appellant jointly recommended a sentence of life imprisonment with eligibility for parole after 30 years. On February 8, 1996, the trial court followed the joint recommendation of the parties and sentenced appellant to life imprisonment with parole eligibility after serving 30 years. Appellant did not file a direct appeal from his conviction.

{¶ 3} On October 23, 2012, appellant filed a motion to withdraw his guilty plea alleging that, because his plea was accepted by a single judge as opposed to a three-judge panel, his guilty plea was not knowingly, voluntarily, and intelligently made. The trial court denied appellant's motion, and we affirmed the trial court's decision in *State v. Martin*, 10th Dist. No. 13AP-16, 2013-Ohio-1810 ("*Martin I*").

{¶ 4} In his "Motion for a Final Order Pursuant to Ohio Revised Code 2929.03(F)," appellant argued that, because the capital sentencing procedures delineated in R.C. 2945.06 and Crim.R. 11 were not followed at the time he entered his plea, the judgment of conviction did not constitute a final order, and, as such, his constitutional rights were violated. Specifically, appellant asserted that a three-judge panel was required to accept his guilty plea and issue separate findings in accordance with R.C. 2929.03(F). Appellee filed a response which argued that appellant's motion was untimely, barred by res judicata, and that appellant's 1996 judgment of conviction constituted a final, appealable order. In denying appellant's motion, the trial court determined both that the trial court's judgment of conviction was a final, appealable order and barred by res judicata. This appeal followed.

## II. ASSIGNMENTS OF ERROR

{¶ 5} Appellant brings the following assignments of error for our consideration:

> [I.] Trial court erred in not convening a three-judge panel and making separate findings pursuant to Ohio Revised Code 2929.03(F), 2945.06, and Criminal Rule 11(C)(3).

> [II.] The trial court erred in it's reliance on *State v. Griffin*[, 138 Ohio St.3d 108,] 2013-Ohio-5481 in denying relief to this appellant because without the state having amended this appellant's indictment to remove the death penalty specification, his case was still a capital case at the time of sentencing as he still faced the possibility of the court's imposition of the death penalty. This appellant's subsequent

> conviction and sentence violates his constitutional rights under the 5th and 14th amendments.
>
> [III.] The trial court erred in not holding an evidentiary hearing in this case as this appellant's claims, if proven true, would have entitled him to relief. The failure of the trial court to hold an evidentiary hearing violated this appellant's constitutional rights under the 5th and 14th amendments of the U.S. Constitution.

(Sic passim.)

## III. DISCUSSION

{¶ 6} We first address appellee's argument that, because appellant's motion for a final order was not timely filed in the trial court, the trial court lacked jurisdiction to consider appellant's motion. According to appellee, appellant's motion should be construed as a petition for postconviction relief that must comply with the timeliness requirements of R.C. 2953.23. We agree.

{¶ 7} A post-direct appeal motion seeking to vacate a conviction on constitutional grounds is treated as a petition for postconviction relief. *State v. Melhado*, 10th Dist. No. 13AP-114, 2013-Ohio-3547, ¶ 9, citing *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997); *see also State v. Tucker*, 10th Dist. No. 12AP-158, 2012-Ohio-3477, ¶ 8 (construing a post-direct appeal motion claiming the trial court did not comply with R.C. 2945.06 and Crim.R. 11 as a petition for postconviction relief). Appellant's motion for a final order asserts that his conviction should be reversed due to a violation of his state and federal constitutional rights. Accordingly, we construe appellant's motion for a final order as a petition for postconviction relief.

{¶ 8} Pursuant to R.C. 2953.21(A)(2), a petition for postconviction relief must be filed no later than 180 days after the day the trial transcript is filed in the direct appeal from the judgment of conviction and sentence or, if no direct appeal is taken, 180 days after the expiration of the time to file an appeal. *Id.* at ¶ 10, citing to App.R. 3(A) and 4(A). In the present case, appellant's time to file a postconviction petition expired on August 30, 1996, 180 days after the expiration of his time to file a direct appeal. Because appellant did not file his petition until August 29, 2013, over 16 years later, his petition for postconviction relief is untimely. A trial court lacks jurisdiction to entertain an untimely

petition for postconviction relief unless the defendant demonstrates that one of the exceptions in R.C. 2953.23(A) applies. *State v. Martin*, 10th Dist. No. 06AP-798, 2007-Ohio-1844, ¶ 10. Therefore, appellant's petition is time-barred unless his petition meets the exception contained in R.C. 2953.23(A)(1)(a) and (b).

{¶ 9} Pursuant to R.C. 2953.23(A)(1)(a) and (b), a court may not entertain an untimely petition unless the defendant demonstrates both that: "(1) he was unavoidably prevented from discovering the facts upon which he bases his petition, or that the petitioner's claim is based upon a newly-created federal or state right; and (2) clear and convincing evidence demonstrates that no reasonable factfinder would have found him guilty in the absence of the alleged constitutional error." *Melhado* at ¶ 11 (internal citations omitted).

{¶ 10} Here, appellant's petition for postconviction relief asserts that a three-judge panel was required to accept his guilty plea and issue separate sentencing findings. These facts were known to and discoverable by appellant at the time of the trial court's original judgment and sentence, and appellant was not unavoidably prevented from discovering these facts and presenting them to the court in a timely manner. Appellant does not assert that the United States Supreme Court recognized a new federal or state right that applies retroactively to him, nor has appellant alleged that clear and convincing evidence demonstrates that no reasonable factfinder would have found him guilty in the absence of the alleged constitutional error.

{¶ 11} Although we recognize that the timeliness of appellant's petition was not addressed by the trial court, we may nevertheless consider this jurisdictional question on appeal. *State v. White*, 10th Dist. No. 11AP-908, 2012-Ohio-1969, ¶ 15. Moreover, appellee challenged the timeliness of the petition below and reasserted its timeliness challenge on appeal. *Id.*, citing App.R. 3(C)(2). Because appellant's untimely petition failed to meet the conditions of R.C. 2953.23(A)(1)(a) and (b), the trial court lacked jurisdiction to consider his petition for postconviction relief.[1] *State v. Mangus*, 10th Dist.

---

[1] We also note that in *Martin I,* we determined that "[t]he failure to have a panel of three judges accept the agreed resolution of the case may have been an error, but it did not take jurisdiction away from the trial court. The mistake could have been addressed via a direct appeal, but was not." *Id.* at ¶ 6.

No. 06AP-1105, 2009-Ohio-6563, ¶ 13, citing *State v. Russell*, 10th Dist. No. 05AP-391, 2006-Ohio-383, ¶ 10.

{¶ 12} Accordingly, the trial court did not err in denying appellant's petition, though technically the petition should have been dismissed for lack of jurisdiction. *State v. Elkins*, 10th Dist. No. 10AP-6, 2010-Ohio-4605, ¶ 17 (though the postconviction petition should have been dismissed for lack of jurisdiction, no error in denying the same); *Mangus* at ¶ 13 (affirming denial of postconviction petition though it should have been dismissed for lack of jurisdiction); *State v. Holton*, 4th Dist. No. 06CA28, 2007-Ohio-2251, ¶ 19.

## IV. CONCLUSION

{¶ 13} Our disposition of the jurisdictional issue renders moot appellant's assignments of error, which address the merits of his petition. *Elkins* at ¶ 17; *Mangus* at ¶ 14. Accordingly, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

TYACK and O'GRADY, JJ., concur.

_____