[Cite as *State v. Martin*, 2017-Ohio-5657.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 17AP-6 |
| v. | : | (C.P.C. No. 95CR-183) |
| Tyrone Martin, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

---

D E C I S I O N

Rendered on June 30, 2017

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Valerie Swanson*, for appellee.

**On brief:** *Tyrone Martin*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Tyrone Martin, appeals from a judgment of the Franklin County Court of Common Pleas dismissing his petition for postconviction relief. For the following reasons, we affirm that judgment.

I. **Factual and Procedural Background**

{¶ 2} In 1995, a Franklin County Grand Jury indicted appellant for three counts of aggravated murder as well as counts of aggravated burglary and aggravated robbery. After initially entering a not guilty plea to the charges, appellant withdrew that plea and entered guilty pleas to one count of aggravated murder and counts of aggravated burglary and aggravated robbery. The parties agreed to a sentence of life imprisonment with

eligibility for parole after 30 years of incarceration and the trial court imposed that jointly recommended sentence on February 2, 1996. Appellant did not timely appeal his convictions. In November 1997, he did file a motion for leave to file a delayed appeal of his convictions in this court, which was denied due to his inability to demonstrate a reasonable explanation for his failure to timely appeal his convictions. *State v. Martin*, 10th Dist. No. 97AP-1525 (Jan. 5, 1998).[1]

{¶ 3} Almost 15 years later, in 2012, appellant filed a motion to withdraw his guilty plea, based mainly on the grounds that a single judge, as opposed to a three-judge panel, accepted his pleas. This court affirmed the trial court's denial of that motion. *State v. Martin*, 10th Dist. No. 13AP-16, 2013-Ohio-1810.[2]

{¶ 4} Subsequently, in 2015, appellant filed a petition for postconviction relief pursuant to R.C. 2953.21. In that petition, appellant argued that the trial court failed to advise him of his appellate rights at sentencing. As a result of that failure, appellant requested a new sentencing entry which would, he argued, allow him to pursue a new direct appeal of his convictions. The trial court dismissed appellant's petition in part because it concluded that it lacked jurisdiction over appellant's untimely petition.

## II. Appellant's Appeal

{¶ 5} Appellant appeals and assigns the following errors:

[1.] The trial court erred in not following the rule of law emulating from Gover [sic] since the appellant's situation herein meets or exceeds Gover's [sic] requirements. This failure by the trial court violates this appellant's constitutional rights under the 5th and 14th amendments of the U.S. Constitution and the equivalent Articles and Sections of the Ohio Constitution.

[2.] The trial court erred in not holding an evidentiary hearing on this petition as the rule of law in Gover [sic], and federal

---

[1] In 2015, appellant filed a second motion in this court requesting leave to file a delayed appeal from his 1996 convictions. In that motion, he argued (as he does in this case) that he did not timely file a direct appeal from his convictions because no one advised him of his right to appeal. We denied appellant's motion, concluding that he had failed to demonstrate a reasonable explanation for his failure to timely appeal his 1996 convictions. *State v. Martin*, 10th Dist. No. 15AP-506 (July 21, 2015) (memorandum decision).

[2] In that decision, we also noted that "the failure of the judge who accepted the pleas to advise Martin of his right to appeal from his agreed sentence did not justify a delay of over 16 years in questioning of the trial court proceedings." *Id.* at ¶ 7.

law in Schriro [sic] and other U.S. Supreme Court cases, requires that a hearing be held and the failure of the trial court to hold a hearing in this case violated this appellant's constitutional rights under the 5th and 14th amendments of the U.S. Constitution and the equivalent Articles and Sections of the Ohio Constitution.

{¶ 6} Before addressing these assignments of error, we note that they do not address the trial court's conclusion that his petition was untimely. This conclusion is dispositive of appellant's appeal.

{¶ 7} R.C. 2953.21(A)(2) sets forth the time requirements for filing a petition for postconviction relief:

A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, * * * the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.

{¶ 8} In the present case, appellant's statutory deadline for filing a petition for postconviction relief was August 30, 1996, 180 days after the expiration of his time to file a direct appeal. *State v. Martin*, 10th Dist. No. 14AP-58, 2014-Ohio-3698, ¶ 8 (rejecting appellant's previous petition for postconviction relief asserting different grounds). Appellant did not file this petition until November 30, 2015, many years after that deadline passed. Therefore, appellant's petition was untimely. A trial court lacks jurisdiction to entertain an untimely petition for postconviction relief unless the defendant demonstrates that one of the exceptions in R.C. 2953.23(A)(1)(a) and (b) applies. *State v. Banks*, 10th Dist. No. 12AP-96, 2012-Ohio-3770, ¶ 9. Appellant does not allege that any of the exceptions to the jurisdictional bar apply to his petition.

{¶ 9} Because appellant failed to establish the applicability of an exception that would allow the trial court to consider his untimely petition, the trial court lacked jurisdiction to entertain his petition for postconviction relief. *State v. Elkins*, 10th Dist. No. 10AP-6, 2010-Ohio-4605, ¶ 16; *State v. Mangus*, 10th Dist. No. 06AP-1105, 2009-Ohio-6563, ¶ 13. For the same reason, the trial court's decision to dismiss the petition

without a hearing was not an abuse of its discretion. *State v. Reed*, 10th Dist. No. 13AP-450, 2013-Ohio-5145, ¶ 8-11 (trial court properly dismissed untimely petition without a hearing); *State v. Boddie,* 10th Dist. No. 12AP-811, 2013-Ohio-3925. Accordingly, the trial court did not err by dismissing appellant's untimely petition for postconviction relief.

## III. Conclusion

{¶ 10} The trial court did not err by dismissing appellant's untimely petition for postconviction relief. That conclusion renders moot appellant's assignments of error, which addresses the merits of his petition. *Elkins* at ¶ 17; *State v. Hatfield*, 10th Dist. No. 07AP-784, 2008-Ohio-1377, ¶ 9. Accordingly, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and HORTON, JJ., concur.

———————————