[Cite as *State v. Kozic*, 2019-Ohio-1680.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

ZOLTAN KOZIC,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 18 MA 0083**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2010 CR 506

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Cheryl L. Waite, Judges.

---

**JUDGMENT:**
Affirmed

---

*Atty. Paul J. Gains*, Mahoning County Prosecutor, and *Atty. Ralph M. Rivera*, Assistant Prosecuting Attorney, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee and

*Zoltan Kozic,* Pro Se, #604-573*,* Mansfield Correctional Institution, P.O. Box 788, Mansfield, Ohio 44901, Defendant-Appellant.

Dated: April 29, 2019

**D'APOLITO, J.**

{¶1} Pro se Appellant, Zoltan Kozic, appeals from the July 3, 2018 judgment of the Mahoning County Court of Common Pleas, dismissing his postconviction petition to vacate or set aside judgment of conviction or sentence. On appeal, Appellant argues his due process rights were violated because (1) he was tried before a biased judge; (2) a GPS tracking device was attached to his vehicle without a warrant; (3) the trial court lacked jurisdiction over the subject matter in this case; and (4) his convictions were obtained unconstitutionally by an in-court identification. Because the trial court correctly determined that Appellant's postconviction petition was not filed timely and that no exceptions applied pursuant to R.C. 2953.23(A)(1)(a)-(b), his assignments of error are moot. Accordingly, the judgment of the trial court dismissing Appellant's petition is affirmed.

## FACTS AND PROCEDURAL HISTORY

{¶2} This is Appellant's sixth appeal stemming from his convictions and 18-year sentence from a rash of burglaries in late 2009 through early 2010 that he committed in four counties with multiple defendants, including his brother and co-defendant Jamie Kozic. In *State v. Kozic*, 7th Dist. No. Mahoning 11 MA 160, 2014-Ohio-3788 (*Kozic I*), this court affirmed most of Appellant's convictions and sentence, but reversed two third-degree drug trafficking convictions and ordered a limited remand for the trial court to enter convictions on lesser included fourth degree felonies and resentence accordingly. Because the trial court exceeded the scope of our remand in *Kozic I*, in *State v. Kozic*, 7th Dist. No. Mahoning 15 MA 0215, 2016-Ohio-8556 (*Kozic II)*, this court found the trial court erred and remanded the matter a second time for a limited resentencing hearing for the proper advisement and imposition of post-release control. *Kozic II* at ¶ 18.

{¶3} Appellant filed a motion for leave to file a delayed motion for new trial pursuant to Crim.R. 33, which he supported with his own affidavit. The trial court denied the motion in September 2016. In *State v. Kozic*, 7th Dist. Mahoning No. 16 MA 0158,

2017-Ohio-4391 (*Kozic III*), this court found that Appellant failed to establish that he was unavoidably prevented from filing a Crim.R. 33 motion in a timely fashion. *Kozic III* at ¶ 9. This court further determined that even assuming arguendo that Appellant provided a sufficient reason for the delay, he did not satisfy the other six criteria specified by the Supreme Court of Ohio to be granted a new trial on the ground of newly discovered evidence under *State v. Petro*, 148 Ohio St. 505, 76 N.E.2d 370 (1947). *Id.* at ¶ 10.

**{¶4}** On March 9, 2017, the trial court held another limited resentencing hearing pursuant to our remand in *Kozic II*. The trial court again imposed a total sentence of 18 years in prison. This court again reversed and remanded for the trial court to properly advise Appellant regarding post-release control. *State v. Kozic*, 7th Dist. Mahoning No. 17 MA 0100, 2018-Ohio-816 (*Kozic IV*).[1]

**{¶5}** On January 16, 2018, Appellant filed a postconviction petition to vacate or set aside judgment of conviction or sentence pursuant to R.C. 2953.21. On July 3, 2018, the trial court dismissed Appellant's petition for being untimely filed. Appellant timely appealed and raises four assignments of error.

## POSTCONVICTION PETITION

**{¶6}** "Pursuant to R.C. 2953.21(A)(1)(a), an individual who claims that his or her rights have been violated may petition the sentencing court and ask that court to grant the appropriate relief. The petition is a civil action that collaterally attacks a criminal judgment. *State v. Agee,* 7th Dist. Mahoning No. 14 MA 0094, 2016-Ohio-7183, citing *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994).

**{¶7}** "In order to successfully assert a postconviction petition, 'the petitioner must demonstrate a denial or infringement of his rights in the proceedings resulting in his conviction sufficient to render the conviction void or voidable under the Ohio or United States Constitutions.' *Agee* at ¶ 9, citing R.C. 2953.21(A)(1). The petitioner is not automatically entitled to a hearing. *State v. Cole*, 2 Ohio St.3d 112, 113, 443 N.E.2d 169 (1982). Pursuant to R.C. 2953.21(C), the petitioner bears the burden of demonstrating

---

1. The trial court held a resentencing hearing on August 15, 2018, sentencing Appellant to 18 years in prison followed by a five-year mandatory period of post-release control. Also in August 2018, Appellant filed his fifth appeal with this court, Case No. 18 MA 0079 (*Kozic V*).

'substantive grounds for relief' through the record or any supporting affidavits. However, as a postconviction petition does not provide a forum to relitigate issues that could have been raised on direct appeal, *res judicata* bars many claims. *Agee* at ¶ 10." *State v. Dumas*, 7th Dist. Mahoning No. 15 MA 0101, 2017-Ohio-731, ¶ 9-10.

## TIMELINESS

{¶8} Appellee, the State of Ohio, contends that the trial court properly dismissed Appellant's postconviction petition as untimely. R.C. 2953.21(A)(2) and R.C. 2953.23(A)(1) require a petitioner to file a petition within one year after the trial transcripts are filed in the court of appeals. The State argues that failure to comply with these statutes is fatal to a petition unless the petitioner can show that he was unavoidably prevented from discovering facts necessary to his claim or that the United States Supreme Court has recognized a new retroactive right and no reasonable factfinder could find him guilty but for the alleged error. The State indicates, and the record establishes, that Appellant did not file his petition until many years after the one-year period expired and without providing an explanation of his delay.

{¶9} R.C. 2953.21(A)(2) states in pertinent part that a postconviction petition "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction." Ohio law provides a two-part exception to this rule if the petitioner can demonstrate that he meets the criteria found in R.C. 2953.23(A)(1)(a)-(b).

{¶10} Pursuant to R.C. 2953.23(A)(1)(a), the petitioner must either show that he: "was unavoidably prevented from discovery of the facts upon which [he] must rely to present the claim for relief, or, * * * the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right."

{¶11} Pursuant to R.C. 2953.23(A)(1)(b), the petitioner must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted."

{¶12} The record reveals that Appellant filed the trial transcripts with this court on

February 24, 2012. Appellant did not file his postconviction petition, however, until January 16, 2018, many years beyond the deadline. Therefore, pursuant to R.C. 2953.21(A)(2), this petition is untimely unless Appellant can show that his case falls within the exception provided by R.C. 2953.23(A)(1)(a)-(b). Appellant does not allege that any of the exceptions apply to his petition. Thus, the trial court lacked jurisdiction to entertain his untimely petition for postconviction relief and its decision to dismiss the petition without a hearing was not an abuse of discretion. *See State v. Martin*, 10th Dist. Franklin No. 17AP-6, 2017-Ohio-5657, ¶ 8-9.

## ASSIGNMENT OF ERROR NO. 1

**THE APPELLANT WAS DENIED DUE PROCESS AND A RIGHT TO A FAIR TRIAL, WHEN HE WAS TRIED BEFORE AN IMPARTIAL TRIBUNAL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.**

## ASSIGNMENT OF ERROR NO. 2

**THE APPELLANT'S CONVICTION WAS PROCURED IN VIOLATION OF HIS FOURTH AND FOURTEENTH AMENDMENT RIGHT, WHEN THE STATE ATTACHED A GPS TRACKING DEVICE TO HIS VEHICLE, WITHOUT A COURT ORDERED SEARCH WARRANT.**

## ASSIGNMENT OF ERROR NO. 3

**THE TRIAL COURT LACKED JURISDICTION TO HEAR THE APPELLANT'S CASE, THEREBY, VIOLATING DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.**

## ASSIGNMENT OF ERROR NO. 4

**THE APPELLANT'S CONVICTION VIOLATES DUE PROCESS AND A**

**FAIR TRIAL, BECAUSE OF THE UNCONSTITUTIONAL IN-COURT IDENTIFICATION PROCEDURE AT HIS TRIAL, THEREBY, DEPRIVING HIM THE RIGHTS SECURED UNDER ARTICLE I, SECTION 10 AND 16 OF THE OHIO CONSTITUTION AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.**

**{¶13}** As Appellant's postconviction petition was untimely filed, his assignments of error are moot. *Dumas, supra*, at ¶ 16; *Martin, supra*, at ¶ 10.

## CONCLUSION

**{¶14}** Because the trial court correctly determined that Appellant's postconviction petition was not filed timely and that no exceptions applied pursuant to R.C. 2953.23(A)(1)(a)-(b), his assignments of error are moot. Accordingly, the judgment of the Mahoning County Court of Common Pleas dismissing Appellant's petition is affirmed.


Donofrio, J., concurs.

Waite, P.J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are moot and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**